## JOZWICH v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.   February 7, 1923.)

No. 3121.

1. **Criminal law ⊜➞395—Evidence seized under illegal search warrant not admissible.**

  A search warrant illegally issued affords no basis for the use of property seized thereunder as evidence against the accused.

2. **Intoxicating liquors ⊜➞248—Manufacture of liquor in private dwelling does not authorize issuance of search warrant.**

  An affidavit that  intoxicating liquor is being manufactured on certain premises does not authorize the issuance of a search warrant for search of a private dwelling.

3. **Intoxicating liquors ⊜➞247—Basis for search warrant under Prohibition Act.**

  To authorize the issuance of a search warrant under National Prohibition Act, tit. 2, § 25, it must be shown that the place to be searched is not a private dwelling occupied as such, or, if such dwelling, that it is being used for the unlawful sale of intoxicating liquor, or is in part used for some business purpose.

In Error to the District Court of the United States for the Eastern District of Illinois.

Criminal prosecution by the ,United States against Joe Jozwich. Judgment of conviction, and defendant brings error.   Reversed.

Arthur R. Felsen, of East St. Louis, Ill., for plaintiff in error.

W. O. Potter, of Marion, Ill., for the United States.

Before BAKER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge.  Seeking to review a judgment which imposed a fine and an imprisonment sentence upon him for violation of the National Prohibition Act (41 Stat. 305), plaintiff in error assigns several errors, only one of which we will consider.  This assignment deals with the issuance and use of a search warrant, whereby evidence injurious to the defense was obtained and later used upon the trial.   Its prejudicial effect cannot be denied, and a reversal is unavoidable unless issuance of the search warrant is upheld.  The affidavit for the warrant is herewith set forth:

United States of America, Eastern District of Illinois Division ss.

  Be it remembered, that on this day, before me, the undersigned, a United States commissioner for the Eastern District of Illinois Division, came J. R. Barker, who, being by me duly sworn, deposes and says that the laws of the United States, namely the National Prohibition Act, Revised Statutes, are being violated by reason of the facts, to wit: Illicit liquor is being manufactured on the premises and in a house located on the rear part of lot at 1934 Trendley avenue, being the premises of Joe Jozwich, and being situate in the city of East St. Louis and state of Illinois, and within the district above named.

  Sworn to before me, and subscribed in my presence this 9th day of November, A. D. 1921.                                          J R. Barker, Affiant.

  [Seal.]       Oscar Hooker, United States Commissioner as aforesaid.

[1] The facts essential to the issuance of a valid search warrant have been discussed by this court in Veeder v. U. S., 252 Fed. 414,

164 C. C. A. 338. They need not be restated. Without the necessary fact showing, the search warrant should never be issued, and when improperly issued it affords no basis for the use of the property seized as evidence against the accused. Gouled v. U. S., 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; Silverthorne Lumber Co. v. U. S., 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319. The affidavit in this case, assuming it was duly sworn to, was defective, in that it failed to set forth facts from which the commissioner could find that the liquor alleged to have been illegally manufactured was, under the statute, seizable. The sole support for the warrant's issuance must be found in the statement:

"Illicit liquor is being manufactured on the premises and in a house located on the rear part of lot at 1934 Trendley Avenue, being the premises of Joe Jozwich," etc.

[2] "The manufacture of illicit liquor in a house" does not bring the case within the language of the statute. Section 25 of title 2 of the National Prohibition Act reads:

"A search warrant may issue as provided in title XI of Public Law Number 24 of the 65th Congress, approved June 15, 1917, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof. * * * No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house."

It is apparent from a reading of this section that the Congress had in mind the distinction which has always existed (so far as search is concerned) between a dwelling house and a place of business. Since the time of Otis, back in colonial days, the dwelling house, occupied as such, has been recognized as the owner's "castle," and has not been the legitimate object of raids by government officials, unless the showing made before the commissioner disclosed added facts not necessary, in case the alleged illegal transaction occurred in a place of business.

[3] Under this section the informant must show to the commissioner that the place to be searched was being used (a) for the unlawful sale of intoxicating liquor (in which case a private residence may be searched); or (b) it must be shown that the place to be searched is "not a private residence used as such," or if a residence it is "in part used for some business purpose such as a store, shop, saloon, restaurant, hotel or boarding house." The affidavit here under review does not charge defendant with having unlawfully *sold* intoxicating liquors and it was therefore necessary for the informant to convince the commissioner that there was probable cause to believe that the premises to be searched (in this case, the defendant's "house") were used in part for some business purpose such as "a store, shop, saloon, restaurant, hotel or boarding house." An essential fact not having been disclosed, the affidavit was insufficient to support the issuance of a warrant, and the evidence seized was improperly used upon the trial.

The judgment is reversed, and the cause remanded for a new trial.