## UNITED STATES v. DELOIC.

(District Court, W. D. Washington, N. D.
November 7, 1924.)

No. 8928.

1. **Intoxicating liquors** ⬡⟿253—**Proceedings before commissioner to obtain search warrant reviewable by District Court.**

Proceedings before a commissioner, in which a search warrant is issued, are reviewable by the District Court.

2. **Criminal law** ⬡⟿395—**Evidence seized under search warrant to search private dwelling, without evidence of sale, suppressed.**

Evidence, beer and wine, obtained from defendant's private dwelling by means of a search warrant, issued on an affidavit which did not show, as required by Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), that the dwelling was being used for the unlawful sale of liquor, will be suppressed.

Criminal prosecution by the United States against John Deloic, alias Martin Deloic. On motion by defendant to suppress evidence. Granted.

The defendant moves that certain beer and wine seized under search warrant be suppressed for the reason that the search was illegal, in that his private dwelling was searched in violation of the Fourth and Fifth Amendments to the Constitution. The affidavit, as a basis for the warrant, says that the defendant " * * * on the 17th day of July, 1924, and thereafter, was and is possessing a still and distilling apparatus and materials designed and intended for use in manufacturing intoxicating liquor, and is manufacturing, possessing, transporting, and selling intoxicating liquor, all for beverage purposes, and that in addition thereto affiant has seen automobiles call at these premises and take from same packages which, from their shape, contour, and size, resembled containers holding intoxicating liquor, all on the premises described as 6730 Forty-Sixth Avenue South. ^ ^ ^ "

On the preliminary hearing, after defendant's arrest, the affiant, on examination, testified that the place was occupied as the home of the defendant, and that there was no evidence of any sale. The plaintiff contends that, the warrant being issued, the court may not review the sufficiency of the basis for the warrant.

J. W. Hoar, Sp. Asst. U. S. Atty., of Seattle, Wash.

John F. Dore, of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above). [1] A court commissioner is the creature of the court, and in the matter of issuance of a search warrant his act is not the act of a court of the United States, being only "quasi judicial," and the court of which he is an officer may review the proceeding. Todd v. U. S., 158 U. S. 278, 15 S. Ct. 889, 39 L. Ed. 982; U. S. v. Casino (D. C.) 286 F. 976.

[2] Section 25, title 2, N P. A. (Comp. St. Ann. Supp. 1923, § 10138½m), specifically provides that a search warrant shall not issue for the search of a private dwelling unless liquor is unlawfully sold therein. It is clear that in this case there was no evidence of unlawful sale. The general statement of manufacturing, possessing, transporting, and selling intoxicating liquor could not, under the circumstances, have any probative effect, in view of the specific statement: "Affiant has seen automobiles call at said premises and take from same packages which, from their shape, contour, and size, resembled containers holding intoxicating liquor." By the doctrine of ejusdem generis the specific acts should control the general words or phrases. The statement of sale clearly was merely a conclusion of the affiant, and, in view of the further testimony on the preliminary hearing that there was no evidence of sale, there could be no finding or adjudication on the part of the commissioner that would bring the case within the provisions of the law. See, also, cases cited in margin.[1]

The motion to suppress is granted.

[1] U. S. v. Rykowski (D. C.) 267 F. 866; U. S. v. Ray (D. C.) 275 F. 1004; Veeder v. U. S., 252 F. 414, 164 C. C. A. 338; U. S. v. Kelih (D. C.) 272 F. 488; U. S. v. Kaplan (D. C.) 286 F. 963; Giles v. U. S. (C. C. A.) 284 F. 208; U. S. v. Lai Chew (D. C.) 298 F. 652; Boyd v. U. S., 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Jozwich v. U. S. (C. C. A.) 288 F. 831; U. S. v. Mitchell (D. C.) 274 F. 128; Voorhies v. U S. (C. C. A.) 299 F. 275; Silverthorn Lbr. Co. v. U. S., 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319; Gouled v. U. S., 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Berry v. U. S. (C. C. A.) 275 F. 680.