## MONAGHAN v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 6, 1925.)

No. 4326.

**Intoxicating liquors ⬅═246—Shed or outhouse held not protected from search as private dwelling.**

A shed or outhouse on premises occupied by a dwelling house is not within the protection of National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), as a private dwelling, and is subject to search under a search warrant charging the unlawful manufacture of liquor therein.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Criminal prosecution by the United States against Henry Monaghan. Judgment of conviction, and defendant brings error. Affirmed.

Jones T. Prowell and William Boizelle, both of New Orleans, La., for plaintiff in error.

Louis H. Burns, U. S. Atty., and Edwin H. Grace, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER and BRYAN, Circuit Judges, and HUTCHESON, District Judge.

HUTCHESON, District Judge. This is a writ of error prosecuted by defendant from his conviction for the unlawful manufacture of intoxicating liquor contrary to the National Prohibition Act.

Defendant seeks a reversal of the case on the ground that the evidence upon which he was convicted was obtained by an unlawful search of his premises, and that the court erred in not quashing the search warrant upon his motion, and in admitting the evidence obtained thereby over his objection.

The search warrant was issued upon the following affidavit:

"United States v. Monaghan, Case No. 3206, Eastern District of Louisiana, New Orleans Division.

"On this 20th day of November, 1923, at New Orleans, in said division and district, personally appeared Geo. A. Droz, who, being first duly sworn, deposes and says that on or about the 27th day of October, 1923, he visited the premises No. 1922 St. Thomas street, New Orleans, Louisiana, operated and used by Henry Monaghan, as a place to manufacture intoxicating liquor fit for use for beverage purposes, and then and there he found intoxicating liquor fit for use for beverage purposes containing one-half of one per centum, and more of alcohol by volume, to wit, 1 16-gallon keg, ½ full of whisky; 2 1-gallon jugs of gin; 2 quart bottles of gin; 1 gallon jug ½ full of gin; 1 1-gallon jug half full of whisky; three (3) quart bottles of whisky; one (1) quart bottle ½ full cocktail; one quart bottle ½ full creme de menthe; 301 bottles of home brew beer, together with the following property: 1 3-gallon copper still; 2 copper coils; 2 52-gallon barrels of corn, rye and molasses mash; 120 empty bottles, contrary to the form of the statute made and provided, and against the peace and dignity of the United States.

"[Signed]    Geo. A. Droz,
"Federal Prohibition Agent."

And it was executed by finding in the shed described in the affidavit for the search the following assortment of intoxicating liquors and paraphernalia:

"One 3-gallon copper still, unmounted and decapped.

"2 copper coils, with galvanized iron condenser.

"301 bottles of home brew beer.

"Two 52-gallon barrels full of corn, rye and sugar mash.

"One 16-gallon keg ½ full of whisky.

"Two 1-gallon jugs full of gin.

"Two quart bottles full of gin.

"One one-gallon jug half full of gin.

"One 1-gallon jug half full of whisky.

"Three quart bottles full of whisky.

"One quart bottle half full of cocktail.

"One quart bottle half full of creme de menthe.

"120 empty bottles."

Prior to the trial defendant duly and properly filed a motion to quash the search warrant on the ground that, the search being of a private dwelling, the affidavit for search was insufficient. The motion to quash was overruled, and thereafter, the cause coming on for trial on the merits, the de-

fendant objected to the reception of any evidence obtained by and under the search, which objection was overruled, and in addition to the return on the search warrant the following evidence was admitted:

The agent Droz testified:

"That pursuant to the search warrant he went to search the premises 1922 St. Thomas street, New Orleans. On arriving there was told that the occupants were at a funeral, and was admitted to side entrance by young negress. That the house was closed, and only the outhouse was searched. That he found various liquors and apparatus in the outhouse as inventoried on the reverse of the search warrant."

The Prohibition Agents also testified:

"That to the best of their knowledge, on the date of the search the premises were not being, and had not been used for any business purpose, such as store, shop, saloon, restaurant, hotel or boarding house except for the manufacture of liquor, which fact was discovered on the execution of the search warrant, and that they at that time had no knowledge of any sale of liquor having been made."

The government concedes, as indeed it must, that a private dwelling occupied as such, and not used in part for some business purpose as stated in section 25, tit. 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m), could not be searched unless it was being used for the unlawful sale of intoxicating liquor. Voorhies v. United States, 299 F. 275, Fifth Circuit. But it contends that defendant's premises, under the undisputed facts as to what was found there, could not be claimed to be a private dwelling occupied as such and not used in part for some business purpose, and it says, and cites authorities to the effect, that when a private dwelling is used for the unlawful manufacture of liquor, it ceases to be a private dwelling within the protection of section 25 of the National Prohibition Act, and may be searched like any other place upon an affidavit of violation of law. State v. Sabo, 108 Ohio St. 200, 140 N. E. 499; United States v. Goodwin et al. (D. C.) 1 F.(2d) 36. While the defendant asserts that the weight of authority is against that view, citing Blackmore on National Prohibition (2d Ed.) p. 465 et seq.; Jozwich v. United States (C. C. A.) 288 F. 832; Voorheis v. United States (C. C. A.) 299 F. 275. The correctness of these respective contentions it is not necessary for us to decide here, for this case must be affirmed on the ground that neither the affidavit for search

warrant, nor the warrant itself, nor the search made under it, constituted any invasion of a private dwelling occupied as such, but the affidavit aimed at, the warrant authorized, the search of and the search warrant explored, not a private dwelling, but a shed or outhouse, which was searchable under the general provisions of section 25. State v. Lowry, 153 La. 177, 95 So. 596.

This court is in full sympathy with all of the affirmations of all the decisions as to the binding force of the constitutional provisions against unreasonable searches and seizures, and with the limitation upon the search of a private dwelling fixed by Congress in the act, nor would this court abate one jot of the historical and constitutional sanctity which attaches to the maxim that, "An Englishman's home is his castle"; but both a sense of proportion and of legal and historical fitness prevent our acceptance of the corollary sought to be imposed upon the maxim by the defendant in this case that, "An Englishman's shed is his home."

Finding no error in the record, the judgment is affirmed.