### UNITED STATES v. KORDOS et al.

(District Court, E. D. Pennsylvania. June 3, 1926.)

**I. Searches and seizures ⊙⟹2.**

Although constitutional protection against searches and seizures extends only to such as are unreasonable, Congress may grant further protection.

**2. Intoxicating liquors ⊙⟹249.**

Under National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), private dwelling *held* not subject to search under warrant containing no averment of unlawful use of premises, or use in part for trade purposes.

**3. Intoxicating liquors ⊙⟹249—Search warrant directed to internal revenue officer by federal prohibition officer held insufficient.**

Search warrant, headed "Federal Prohibition Agent of the United States to Internal Revenue Officer of the United States," etc., *held* to offend against congressional provision that

search warrant be directed to person responsible for proper execution.

Prosecution by the United States against Jennie Kordos and others. On motion to quash the search warrant and suppress evidence. Motion granted.

George W. Coles, U. S. Atty., and B. I. De Young, Asst. U. S. Atty., both of Philadelphia, Pa.

John F. McEvoy, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The grounds of this motion have been reduced to the one that the search warrant directed the search of the private residence of defendants. The district attorney concedes the soundness of the broad proposition on which the challenge of the search warrant is based, but advances the distinguishing proposition that the exemption set up does not extend to every part of the curtilage of a dwelling house, but that any building separate from the dwelling house proper may be subjected to search, if the manufacture of intoxicating liquors be there conducted.

For this distinction Monaghan v. U. S. (C. C. A.) 5 F.(2d) 424, is cited. The cited case rules that the term "dwelling house," as employed in the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), has no relation to the physical characteristics of a structure as designed for use, but to the character of the use made of it as a place or abode, or a place in whole or part devoted to business purposes. The fact situation in that case was that the premises there in question included a dwelling house proper and an outhouse, in which the manufacture of intoxicating liquor was conducted. The lawfulness of a search of this outhouse was upheld. Accepting the doctrine of this case, it only remains to apply it to the fact situation of the instant case.

[1] This takes us to the search warrant. It discloses the formal charge made by an internal revenue officer that a fraud upon the revenue laws was being committed through the manufacture of intoxicating liquors, with the intent to evade the payment of the tax "legally due thereon," upon the premises described in the warrant, which are stated to be in the occupation of the defendant. This is a statement that it is a dwelling house. The only fact averment, in addition to that of the belief of the deponent, is that "a person" (not averred to be either of the defendants) delivered at these premises "a 5-gallon can" into an automobile; the can being averred to be

"such as is commonly used in conveying intoxicating liquor." The articles and things to be seized are enumerated as liquors and appliances used in their manufacture. There is no specific averment of the place to be seized, although it is inferentially the premises above described. The warrant, however, directs a "search of said premises," which are described in the preamble to the command of the writ. The warrant is specifically directed to no one, but is headed: "Federal Prohibition Agent of the United States to Internal Revenue Officer of the United States—Greetings." The return is that the premises described in the warrant were searched and that there was found the following: "90 gals. of whisky," 50 of which was destroyed, and is signed, "Thos. J. Maxey, United States Internal Revenue Agt., Prohibition Unit." The return is dated and sworn to February 27, 1926. The constitutional protection against searches and seizures extends only to such as are "unreasonable," but further protection may be granted by Congress. Section 25 of title 2 (Comp. St. Ann. Supp. 1923, § 10138½m) contains an express restriction of the right of search in the provision that "no search warrant shall issue to search any private dwelling occupied as such, unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose, such as a store, shop, saloon, restaurant, hotel, or boarding house." The premises here directed to be searched admittedly constituted a "private dwelling," within the meaning of this exemption. There is no averment of an unlawful use, and the absence of any averment that the premises were used in part for trade purposes.

[2] We are thus confronted with the flat question of whether or not these premises were subject to search. The view we take of it is that, with the fact appearing on the face of the papers that the place to be searched is a "private dwelling," it can only be subjected to lawful search by an averment which brings the premises within the qualifications prescribed by the act. As already stated, there is a total absence of any such averment. It follows that the writ of search warrant must be quashed, and the motion to suppress the evidence obtained thereby allowed. A formal order to this effect may be submitted.

[3] There is another feature of this case which is not necessary to its decision, and we have in consequence not discussed it. We call attention, however, to the provision of the act of Congress prescribing the formal requirements of a search warrant, that it should be directed to some one who is made responsible for its proper execution. He may call in the assistance of others, but what is done by them is done for him, and in that sense by him. The purpose evidently was to have some one responsible for the proper execution of the process. This warrant offends against the commands of the law in this respect.