## UNITED STATES v. BOSCARINO et al.

District Court, W. D. New York. April 29, 1927.

**1. Searches and seizures ⬥3(4)—Facts, as distinguished from conclusions, must be alleged to justify issuance of search warrant (Const. Amend. 4).**

Under the Fourth Amendment to the Constitution of the United States, facts must be alleged upon which search warrant is issued, as distinguished from conclusions.

**2. Intoxicating liquors ⬥246—Private dwelling held immune from search for liquor without evidence of sale of liquor therefrom (National Prohibition Act [27 USCA § 39]).**

Private dwelling house, as such, *held* immune from search for liquor without evidence of sale of liquor therefrom, in view of National Prohibition Act, tit. 2, § 25 (27 USCA § 39 [Comp. St. § 10138½m]), and search warrant authorizing such search must be vacated.

**3. Criminal law ⬥394—Evidence of seizure of liquor under illegal search warrant will be suppressed.**

Where search warrant was illegal, evidence of seizure of liquor thereunder will be suppressed, since it can afford no basis for unlawful possession or manufacture.

**4. Intoxicating liquors ⬥248—Affirmation of affiant for warrant authorizing search of outbuildings for liquor held to contain sufficient statement of facts (National Prohibition Act [27 USCA]).**

Affirmation of affiant for search warrant, stating he had reason to believe certain outbuildings contained alcohol in violation of National Prohibition Act (27 USCA [Comp. St. § 10138¼ et seq.]), referring to odor and fumes coming therefrom, and stating that man was observed rolling alcohol container from building, *held* to contain sufficient statement of facts.

**5. Intoxicating liquors ⬥249—Warrant authorizing search of premises, identified by street and number, for liquor, authorized search of outbuildings not accorded protection guaranteed to private dwellings.**

Warrant authorizing search of premises identified by street and number, which were dwelling houses, *held* to authorize search for liquor in outbuildings which were not entitled to protection guaranteed by Constitution to dwellings.

Bartolo Boscarino and others were accused of an offense against the United States. On motion to quash search warrants. Motion granted in part and denied in part.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., of counsel), for the United States.

Michael J. Maher, of Buffalo, N. Y., for defendants.

HAZEL, District Judge. Three separate search warrants were issued to search premises at No. 258 Bay street, and Nos. 15 and 19 Sander street, Rochester, on an affidavit of Major Hart, a prohibition agent. The affidavit was filed with the commissioner, and a copy was attached to the warrant directed against No. 19 Sander street, and, as to the other warrants, sufficient references are made to the facts. The Bay street premises consist of two stores, a meat market, and an importer's store, with an entrance to an upper flat around the corner of the building at No. 5 Sander street. The defendant Alfio Boscarino and his family concededly occupied the upper flat and a bedroom downstairs. There is a garage and barnlike building in the rear, connected with No. 19 Sander street by another structure. The facts upon which probable cause was based for believing that the indicated adjoining premises on Sander street, buildings to the rear of the Bay street building, were used for violation of the National Prohibition Act (27 USCA [Comp. St. § 10138¼ et seq.]), are: That on August 14, 1926, as the affiant passed the Bay street building, he smelled fumes of alcohol coming from the rear, and at the same time observed five or six five-gallon cans, commonly used, he swore, as alcohol containers, standing inside the screen door at No. 5 Sander street. On August 16th, at about 1 o'clock in the early morning, he again visited the locality, watched the premises, remaining until 4 o'clock, and observed that the rear of part of the Bay street building was lighted and the shades drawn, and that a truck was standing in the rear and a man removing cans from the truck into the building; that a touring car passed slowly along the street several times, "apparently patrolling the block." He again detected the odor of cooking denatured alcohol, coming this time from a barnlike structure in the rear of No. 19 Sander street, said to be owned by Mrs. Boscarino, a 2½-story frame building used as a private dwelling (see testimony before commissioner). On August 17th, in the forenoon, he again visited the locality, saw a stationary truck at the rear building, and a man rolled a black drum, commonly used as an alcohol container, out of a separate building in the rear of No. 15 Sander street, located a few feet from the main building. That he had several years' experience in investigating alcohol and corn whisky cases, and that the odor of alcohol and fumes of cooking denatured alcohol were familiar to him. The warrant directing search of No. 15 Sander street specifies the visit of Major Hart to the premises on August 14th, and the odor of fumes emitted from the side door of No. 258 Bay street, together with the

presence of the alcohol containers. The search warrant directed to No. 258 Bay street states that alcohol odor was detected on August 14th coming from the Sander street side entrance, and also referring to the presence of the alcohol containers.

These were the material facts upon which the affiant based his belief that the rear buildings were used for violation of the National Prohibition Act, and upon which the warrant was issued. Following the search and seizure, there were hearings before the United States commissioner, on motion to vacate the warrants on the ground that there was no probable cause for their issuance, and that the premises searched were private dwellings. Facts were developed at the hearing which may properly be considered. Steele v. U. S., 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757. [1] For convenience, the validity of the various warrants will be considered separately. The rooms at No. 5 Sander street are not used for business purposes but solely for dwelling, and have no connection with the stores fronting on Bay street. It does not appear that there are any entrances from either of the stores leading to the dwelling apartments. It is, of course, axiomatic that, under Amendment 4 of the Constitution of the United States, facts must be alleged upon which the warrant is issued as distinguished from conclusions. Though conclusions were injected as to some features, the facts incorporated in the information, and later adduced at the hearing before the commissioner, with relation to the emitted fumes of alcohol from the entry to Alfio Boscarino's dwelling, the containers behind the screen door, of the kind wherein alcohol is commonly transported, no doubt created a belief that intoxicating liquor was unlawfully possessed.

[2, 3] The important question, however, is whether a private dwelling, used as such, was not immune from search without evidence of sale of liquor therefrom. Section 25 of title 2 of the National Prohibition Act (27 USCA § 39 [Comp. St. § 10138½m]) provides "that no search warrant shall issue to search any private dwelling occupied as such, unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose, such as a store, shop, saloon, restaurant, hotel, or boarding house." The apartments in question concededly were neither used for dealing in intoxicating liquor, nor was any part used for any business purpose, and therefore the search warrant was illegal and must be vacated and the evidence of seizure suppressed, since it can af-

ford no basis for unlawful possession or manufacture. Jozwich v. U. S. (C. C. A.) 288 F. 831; Gouled v. U. S., 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; U. S. v. Kelih (D. C.) 272 F. 485; and U. S. v. Deloic (D. C.) 2 F.(2d) 377. And this interpretation has heretofore been applied in cases of a similar showing coming before this court.

[4] The affiant, in his general affirmation, specifically states that he has reason to believe that within the barnlike building and outbuildings in the rear of 15 Sander street, and all buildings connected with 19 Sander street, there is located a quantity of alcohol in violation of the National Prohibition Act; and the warrant briefly refers to the odor of alcohol and fumes of alcohol noticed by him on August 14th, which came from the Bay street building, and odor of cooking denatured alcohol coming from the rear of No. 19 Sander street, and observing a man rolling a filled drum, commonly used as an alcohol container, out of the rear of the building at No. 15 was sufficient justification for the belief, by the commissioner, that in these rear buildings violations were occurring. The contentions that the search warrants were directed to the search of private dwellings, unused for business purposes, and occupied by Scarlata and Bartolo Boscarino, respectively, cannot be sustained in view of the observations, and evidential inferences that may fairly be drawn from the facts and circumstances. The information contains a sufficient statement of facts.

[5] The question narrows down to this, Was the search of the rear buildings forbidden because the premises identified by street and number were dwelling houses? The private dwellings concededly were not searched. The search of the separate rear buildings revealed large quantities of alcohol in drums, distilled alcohol in cases and bottles, fit for beverage purposes, instrumentalities of one kind or another, for manufacturing colored distilled spirits, including heaters, tanks, boilers and stills. The buildings searched were obviously used for the fabrication of distilled spirits to be used for commercial purposes. These outside buildings did not come within the curtilage of the private dwellings, in view of their use, and therefore cannot be accorded the same protection guaranteed by the Constitution to private dwellings, and I hold that the searches and seizures at Nos. 15 and 19 Sander street were not unreasonable. Several adjudications are relied upon by defendants, but I think that they are distinguishable.

In Temperani v. U. S., 299 F. 369, it was

ruled, in the Ninth Circuit, that odor coming from a garage underneath a one-story dwelling, did not justify an arrest for an offense committed in the presence of the officers, it appearing that the offender was not present in the garage when the search was made. In U. S. v. Yahrstorfer (memorandum decision, not for publication), a decision by this court, the warrant was against the entire premises; the barn in the rear not being designated as the place to be searched.

The government's contention that the warrant authorized the searches of the rear outbuildings comes within the principle announced in Monaghan v. U. S., 5 F.(2d) 424. There the Circuit Court of Appeals for the Fifth Circuit upheld the search of a shed or outhouse on premises occupied as a dwelling house; the charge being the liquor was unlawfully manufactured on the premises, and ruled that it did not constitute an invasion of a private dwelling, occupied as such, to search the rear shed, inasmuch as the affidavit aimed at, and the warrant authorized, the search, not of a private dwelling, but simply the shed or outhouse which, in its opinion, was searchable under the general provision of section 25 of title 2. This decision, I think, has application to the instant case. And in U. S. v. Goodwin (D. C.) 1 F.(2d) 36, the learned court said that, where probable cause is shown for believing that liquor is unlawfully manufactured in a private dwelling, the burden is on the party seeking to quash the warrant to show that the dwelling was not used for the purpose charged. In U. S. v. Mitchell (D. C.) 12 F. (2d) 88, the search of an attachment at the back of defendant's residence was upheld, and that the children of the accused had at times slept in the lean-to part did not make it a private dwelling, used and occupied as such, and the lean-to of the main building was not immune from search. It is not necessary to pass upon the correctness of the two last-mentioned decisions, since the private dwellings in question were not invaded, the search being limited to rear buildings. Other adjudications cited by defendant are not so close, and accordingly may be passed without remark.

An order may be entered holding that the search and seizure of the private home of the defendants in the Bay street house, or at No. 5 Sander street, was illegal, and the evidence must be suppressed;[1] but, as to Nos. 15 and 19 Sander street, the motion to quash is denied.

---

[1] Bundle of books and papers seized must be returned.