### UNITED STATES v. MITCHELL et al.

(District Court, N. D. California, First Division. July 1, 1921.)

No. 9276.

1. **Intoxicating liquors ☞249—Warrant for search of apartment building held invalid.**
   A search warrant issued by a commissioner for search of an apartment building occupied by a large number of families, and without any showing or claim that the premises or any part thereof were being used for the unlawful sale of liquor, *held* invalid to authorize the search of any apartment therein, or the seizure of anything there found.

2. **Searches and seizures ☞3—Search warrant cannot be amended by telephone.**
   A search warrant cannot be amended by a telephone communication from the commissioner who issued it, nor without evidence to support the amendment.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Searches and seizures ⬤⟹3—Unlawful seizure cannot be legalized by second warrant.**

Where property was seized under a search warrant unlawfully issued, the seizure cannot be legalized by the issuance of a second warrant based on information secured through the first search and seizure.

Criminal prosecution by the United States against Charles Mitchell and Joe O'Donnell. On motion by defendant Mitchell for return of property seized. Motion granted.

Frank M. Silva, U. S. Atty., and Ben. F. Geis, Asst. U. S. Atty., both of San Francisco, Cal.

Chauncey Tramutolo, of San Francisco, Cal., for defendants.

DOOLING, District Judge. [1] The defendant Mitchell was apparently violating the Prohibition Law (41 Stat. 305) by selling intoxicating liquor at his place of business, 211 Kearny street, San Francisco. The enforcement officers searched these premises by virtue of a search warrant and found there certain liquor. They also purchased liquor there. Thereupon they applied for a search warrant to search the residence of defendant at 880 Bush street. This is an apartment house, in which defendant occupies with his family apartment No. 4. It does not seem that the officers would have had any difficulty in ascertaining the number of the apartment occupied by defendant before they applied for a search warrant. The search warrant applied for and issued was one authorizing a search of 880 Bush street—entire premises, outhouses, sheds, lockers, safes, closets, attic, basement, etc. It may be said, in passing, that no information was laid before the commissioner to show that the premises were being used for the unlawful sale of intoxicating liquor and it is not claimed that they were directly; the theory being that the liquor was transported from 880 Bush street to 211 Kearny street and there sold, though no evidence was offered to show even this. Armed with the all-covering warrant above described, the officers went to the premises, and, finding that it was an apartment house in which a number of families resided, had the grace to hesitate in its execution. They telephoned to the commissioner, and received permission over the phone to insert in the warrant the words, "By order of Com. Krull, this to specify Apt. 4, especially." With warrant bearing this long-range amendment they then proceeded, over the protests of defendant's attorney, to search apartment 4, and, finding therein a quantity of liquor, seized it all, sealed some of it, and took one barrel, containing three or four gallons, away. Subsequently another warrant was issued, upon which they assumed again to seize the same liquor. The defendant now moves for a return of the liquor so seized.

Much confusion seems to exist among the enforcement officers concerning the necessity for search warrants and their use. The confusion arises generally, in my opinion, because they are not willing to be bound by the limitations of the Constitution or the law. In pursuing liquor, recently made an outlaw by the Eighteenth Amendment to the Constitution, they are, in their zeal, inclined to disregard other provisions of the same document equally sacred and far more important to the rights

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the people. The language of the Fourth Amendment to the Constitution is as follows:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The protection thus afforded to the people can only be insured by the courts. It is far more important that the right to be secure in their persons, houses, and effects be zealously guarded than that a few individuals be convicted of violating the prohibition or any other law. It is one of the most sacred rights that the Constitution guarantees, and officers sworn to defend the Constitution should be the first to recognize and defend it. There is nothing obscure about it; the language is plain, and means what it says.

Following the Constitution, Congress has provided for the issuance of search warrants (Act June 15, 1917, title 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v):

(1) "A search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and the place to be searched." Section 10496¼c.

(2) "The judge or commissioner must, before issuing the warrant, examine on oath the complainant and any witness he may produce, and require their affidavits or take their depositions in writing and cause them to be subscribed by the parties making them." Section 10496¼d.

(3) "The affidavits or depositions must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist." Section 10496¼e.

(4) The judge or commissioner must thereupon be "satisfied of the existence of the grounds of the application, or that there is probable cause to believe their existence," before he can issue a search warrant which must, if issued, command the officer "forthwith to search the person or place named for the property specified, and to bring it before the judge or commissioner." Section 10496¼f.

The National Prohibition Act further provides that no search warrant shall issue to search any private dwelling occupied as such, unless it is being used for the unlawful sale of intoxicating liquor, or is in part used for some business purpose. It should not be difficult to keep within these provisions. If in the attempted enforcement of the prohibition law a search warrant is applied for, the first inquiry of the judge or commissioner should be as to the character of the place to be searched. If it be a private dwelling, then the inquiry should be:

"What evidence have you that this place is being used for the unlawful sale of intoxicating liquor?"

If the officer has no such evidence, he should not apply for the warrant; or if the judge or commissioner is not satisfied with the evidence offered, he should not issue it. If the officer is acting upon information, he should lay all the facts before the judge or commissioner, with the names of the persons from whom his information is received.

[2, 3] It is not merely a pro forma matter, but one of utmost importance, that search warrants should be properly issued in the first instance. They should not be lightly applied for, nor lightly issued, as

they trespass upon the most important rights of the people. When issued, they should be promptly served and promptly returned. It should go without saying that they are of such grave importance that they may be amended, if at all, only by the officer issuing them, and then only in conformity wtih the affidavits or depositions upon which they are based. In the present instance we have an all-devouring warrant issued against an apartment house where many families reside. This of itself is sufficient to condemn it, as it was never claimed that the whole premises should be searched. "Particularly describing the place to be searched" is the language of the Constitution, and "particularly describing the property and the place to be searched" is the language of the act. The warrant could not be amended by the officers upon a telephone communication from the commissioner, nor could he himself amend it unless the affidavit itself were so amended as to specify the particular apartment to be searched. Nor should the warrant have been issued without proof satisfactory to the commissioner that the place, being a private dwelling, was being used for the unlawful sale of intoxicating liquor. The original entry into the defendant's home was therefore unlawful, and could not be cured by another warrant issued upon information thereby secured.

The motion is granted, and the property taken will be restored to defendant.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes