## UNITED STATES v. WIHINIER.

(District Court, W. D. Washington, N. D.    October 25, 1922.)

### No. 7093.

Searches and seizures ⬤�િ⟩3—That premises were an apartment house does not invalidate search.

Where search warrant gave the number and street of premises operated and occupied by defendant, the fact that the premises were an apartment house did not invalidate the search of the defendant's premises as directed by the search warrant, and no other person could complain.

Proceeding by the United States against T. Wihinier.   On motion to suppress.   Motion denied.

Thomas P. Revelle and Chas. E. Allen, both of Seattle, Wash., for the United States.

Wm. R. Bell, of Seattle, Wash., for defendant.

NETERER, District Judge.   The motion to suppress, I think, should be denied.   The search warrant gives the number, 916 Spruce street, Seattle, Wash., operated and occupied by T. H. Wihinier.   The premises searched were occupied by the defendant.   The fact that the premises were an apartment house does not invalidate the search of the defendant's premises as directed by the search warrant, and no other person can complain.[1]

[1] Cases cited by the United States: Santo v. State, 2 Iowa, 165, 63 Am. Dec. 487, at page 512;   State v. L. S. Drew, 38 Vt. 387;   State v. McMulty, 7 N. D. 155, 73 N. W. 82;   Haywood v. U. S. (C. C. A.) 268 Fed. 795.

Cases cited by the defendant: U. S. v. Mitchell (D. C.) 274 Fed. 128;   U. S. v. Rykowski et al. (D. C.) 267 Fed. 866;   U. S. v. Alexander (D. C.) 278 Fed. 308.