## UNITED STATES v. INNELLI et al.

(District Court, E. D. Pennsylvania. February 26, 1923.)

Nos. 167, 168.

1. **Searches and seizures ⬤⟞7—Congress cannot lessen rights of individuals, but may give more protection.**

   The rights and privileges saved to individuals by Const. Amend. 4, protecting against unreasonable search and seizure, cannot be lessened by Congress, though Congress may secure as much more protection as is thought to be well.

2. **Intoxicating liquors ⬤⟞248—Evidence designating building occupied by several tenants is insufficient to furnish particular description.**

   Evidence designating the building to be searched only by street and number is insufficient to furnish the particular description of the place to be searched, required by Act June 15, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼a et seq.), under which a search warrant for liquors unlawfully possessed must be sought by a provision of the Volstead Act, where it appeared that the building so designated was occupied by more than one tenant, so that it was in fact several places.

3. **Searches and seizures ⬤⟞3—Probable cause may exist, though search shows innocence.**

   A search warrant may issue if the evidence shows probable cause therefor, and the fact that the subsequent search established the innocence of the party charged shows that the search was not justified.

4. **Searches and seizures ⬤⟞3—Warrant should name officer by whom it is to be served.**

   Under Act June 15, 1917, tit. 11, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f), providing that a search warrant may be directed to a civil officer and section 7 (section 10496¼g), providing that it shall be served by any of the officers mentioned in its direction, but by no other person, except in aid of the officer on his requiring it, he being present, it is the better practice for the search warrant to designate by name the officers who are to execute it, even though it may be sufficient if it designates a class of officers who are permitted under the statute to execute it.

Michael Innelli and another were charged with violation of the National Prohibition Act. On motion to quash search warrant and suppress evidence. Motion granted.

George W. Coles, U. S. Atty., and Robert V. Bolger, Asst. U. S. Atty., both of Philadelphia, Pa.

Carr & Krauss, of Philadelphia, Pa., for defendants.

Before THOMPSON and DICKINSON, District Judges.

PER CURIAM. This motion concerns the law of arrests, searches, and seizures. They have been made time out of mind. The power to make them is an absolutely necessary power. Experience, however, has taught us that the power is one open to abuse. The most notable historical instance of it is that of lettres de cachet. Our Constitution was framed during the seethings of the French Revolution. The thought was to make lettres de cachet impossible with us. Protective guards have in consequence been thrown around us, to lessen the harassments and violations of individual rights to which we might otherwise be subjected. Such laws are seldom intentionally violated. What usually

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

happens is that, in the zeal to perform one duty, the other is disregarded or remains unknown. This innocence of motive, however, is no justification. The law, and all laws, must be regarded. This is expected of all good citizens. To the judges it is a special command. Let it not be forgotten that there were prohibitions in the Constitution before the Eighteenth Amendment. Among them are the Fourth and Fifth. If they afford protection to the guilty, this is the price to be paid for the general good. One prohibition is that no one shall be compelled to give evidence against himself. If anything in the possession of the accused is taken from him by unlawful force, to be used in evidence against him, it cannot be so used in violation of his rights.

[1] The present motion is based on this proposition. The evidence here was secured by a search warrant. The question, then, is: Did this search warrant issue in accordance with law? The rights and privileges saved to individuals by the Constitution cannot be lessened. Congress may accord as much more protection as is thought to be well. It is to be noted that by the Constitution arrests, searches, and seizures are not forbidden. It is only unreasonable ones which are prohibited. Search warrants are not condemned, but the issuance of them is regulated.

It is to be further noted that the power to arrest, search, and seize is left by the Act of June 15, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼a et seq.), as defined in the Constitution. The issuance of search warrants, however, is strictly regulated. The Volstead Act (41 Stat. 305) imposes only two limitations. One is that warrants for a violation of that law shall issue to enter private homes only in exceptional cases. The other is that they shall be issued in accordance with the Act of June 15, 1917.

This takes us to that law. It is general in its terms, but was enacted with special reference to espionage cases. There are (among others) four substantial guards against abuse of process provided. One is that a judge of the court or a commissioner must sanction the issuance of the writ by his finding upon evidence submitted that "probable cause" exists; the second is that the testimony must be reduced to writing and subscribed by the witness; the third is that the place to be searched and the persons or things to be seized must be "particularly described"; and the fourth is that the writ must be directed to those selected for their approved judgment and discretion, by whom alone the writ may be executed. Some of the criticisms directed against this warrant have been discussed in Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; U. S. v. Friedberg (D. C.) 233 Fed. 314; U. S. v. Crossen (D. C.) 264 Fed. 459; U. S. v. Maag, unreported.

[2] A further one is directed to the description of the place. It is described by street and number, and the name of the person to whom the premises then or formerly belonged. Had the whole premises included within the description belonged, as was doubtless erroneously taken for granted, to the person whose place was meant to be searched, such a description as that given might meet all practical needs. The fact, however, is that the second floor of the premises belonged to a transportation company. It must not be forgotten that a warrant is

a command which must be obeyed. It is true that the persons to whom it is directed are expected to use judgment and discretion in its execution, but the command is none the less imperative. Such a command should not direct a search which would be wholly unjustified. If the place described by street and number is used by a number of persons for different purposes, then it is not a place; but there are several places included in the one description. It is then a general, but not a "particular," description. The evidence upon which the warrant issues should go to all the essential features of the authority given, and the particular place to be searched is one, and an important one.

[3] The evidence in the instant case admittedly did not justify a search of the place described in the warrant. The description was too broad, and included premises to search which no probable cause appeared. This does not mean that the facts are to be found after the search, and the warrant upheld or not according as the facts are made to appear. The finding under review is one not of guilt, but of probable cause. Probable cause may exist, and a search warrant properly issue, although the real facts may be found not to justify it. This is true of any case of arrest. The existence of probable cause for arrest is not inconsistent with a finding of not guilty. The evidence before the commissioner in respect to the place was too general and too meager to permit the place to be searched to be "particularly described," and for this reason the search warrant proceeding cannot be sustained.

[4] The remaining objection to this warrant is in the complaint that there is no definite designation of the "civil officer" who was to serve it, other than John T. Davis, and he admittedly did not execute it, nor was it executed in his presence. The form of the direction is as follows:

"To John T. Davis, Supervising Prohibition Agent, and the assistants, agents, and inspectors acting under him or any of them—Greeting."

The sixth section of title 11 of the Act of June 15, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f) provides that the warrant may be directed to "a civil officer." Section 7 of title 11 of the act (section 10496¼g) is as follows:

"A search warrant may in all cases be served by any of the officers mentioned in its direction, but by no other person, except in aid of the officer on his requiring it, he being present and acting in its execution."

We are quite ready to find that the officer who served this warrant came within the class designation, and that he was as discreet and used as good judgment, and indeed consideration for the rights of all concerned, as any one selected could have done. The view pressed upon us, however, is that the officer must be the selection of the commissioner, and chosen because believed to possess judgment and discretion, and that such selection is the substantial right of those affected by the proceeding. The opposing view is that the selection is as real, if in the alternative, or if the designation is any one of a described class or group, and that section 7 has reference to the assistance of outside persons.

In view of the conclusion reached upon the point last before discussed, we see no need to pass upon this final question now. Whether

absolutely necessary or not, however, we feel called upon for the expression of our opinion that the better, because the safer, practice is for the commissioner, when he finds a warrant should issue, to make a selection of qualified officers to serve it, and to designate them by mentioning them by name, and that no persons, other than those named, should execute the writ otherwise than in accordance with the provisions of section 7.

The motion is allowed.