### UNITED STATES v. LEPPER et al.

(District Court, W. D. New York.   April 5, 1923.)

No. 3336.

**1. Time ⊂⊃15—Search not invalid, as in the "nighttime," where made before sunset.**

A search and seizure is not invalid, in that the facts set forth are insufficient to authorize a search warrant in the "nighttime," where the premises were actually searched in the daytime or during that period immediately preceding the setting of the sun below the horizon; the search taking place at 4:30 in the afternoon of a day on which the sun set at 4:42 p. m.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Night—Nighttime.]

(288 F.)

**2. Intoxicating liquors ⬤⇒248—Affidavits for search warrant need not set forth facts sufficient to convict.**

Affidavits on which a search warrant is issued are not required to show facts sufficient to convict defendant of specified sales of intoxicating liquor, but it is enough if facts are shown to exist, showing probable cause or reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a discreet and prudent man in believing that a crime is being committed.

**3. Intoxicating liquors ⬤⇒248—Showing of facts sufficient to warrant search of private dwelling for intoxicating liquors.**

A showing that defendant had been under surveillance by prohibition agents for smuggling intoxicating liquor into the country, that during the nighttime motor cars and trucks as late as 2 o'clock in the morning were observed stopping at defendant's premises, delivering or receiving quantities of bottles and cases, together with the clandestine nature of the operations carried on in and around the private dwelling, was sufficient to warrant the issuance of a search warrant to search the premises for intoxicating liquors.

**4. Intoxicating liquors ⬤⇒249—Search warrant for search of apartment house not invalid as not particularly describing premises to be searched.**

A search warrant for the search of a dwelling was not invalid as not specifically describing the apartments to be searched, because other tenants occupied the upstairs apartments, where the downstairs part of the dwelling, where the intoxicating liquor was seized, was occupied by the defendant and one of the upstairs tenants was held by the commissioner before whom the warrant was returnable for aiding and abetting the codefendant.

Criminal proceedings against Howard Lepper and John F. Beck for violation of the liquor laws. Motion to have a search and seizure warrant declared invalid denied.

Ganson G. Depew, Asst. U. S. Atty., of Buffalo, N. Y.
O'Connor, Newton & Doyle, of Buffalo, N. Y., for defendant Lepper.

HAZEL, District Judge. The search and seizure warrant against the dwelling of the defendant Lepper is attacked on various grounds. The first is that the facts before the District Judge were insufficient to authorize a search warrant in the nighttime; the second, that the premises consisted of two separate flats occupied by separate families, and that the warrant lacked specificness as to the particular place to be searched; and, third, that the facts set forth were wholly insufficient to authorize the issuance of the warrant to search any private dwelling.

[1] The premises were entered, as defendant Lepper claims, at 5:45 p. m., December 13, 1922, in the nighttime, and searched, with the result that intoxicating liquor was discovered in the lower apartment occupied by him, and then and there seized. The evidence is in dispute as to whether the warrant was executed in the nighttime. Two affidavits have been submitted by which it satisfactorily appears that the prohibition agents entered upon the premises at about 4:30 o'clock, more than an hour before the time specified in the moving papers. On that day the sun set at 4:42 o'clock p. m., and hence the search and seizure was actually carried out in the daytime, or during

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that period immediately preceding the setting of the sun below the horizon. See definition of "night," Bouvier's Law Dictionary, Rawle's Revision, vol. 2, p. 502.

[2] It is next objected that the affidavits upon which the warrant was obtained did not show an unlawful sale of intoxicating liquor on the premises, or that the premises were in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house. Section 25, National Prohibition Act (41 Stat. 305). It is true that a sale is an agreement for the exchange of property from one person to another at a specified sum, and in a case where an alleged sale of intoxicating beverage is involved in violation of law, a presumption arises that the accused did not make the sale, as the violation must be proven beyond a reasonable doubt. But this strict rule of proof relating to a trial does not apply to the oath or affirmation upon which a search warrant must be based. It is not required that the evidence should show that a crime was actually committed or that the facts should be alleged strong enough to convict the defendant. It is enough if probable cause exists, or a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves, to warrant a discreet and prudent man in believing that a crime is being committed.

[3] The apparent facts in the case at bar in my opinion are sufficient to afford justification for the issuance of the search warrant if they reasonably lead one to the belief that a crime has been committed or is being committed by the person charged. In this view any direct evidence of a sale at the dwelling house of Lepper was not required. True, the warrant should not have issued without satisfactory proof of sale; but a sale need not be made out by positive or direct evidence as to the manner of its consummation. If the facts and circumstances tend to establish an unlawful sale on the premises or that they were in part employed for some business purpose such as specified in the act (section 25) then probable cause exists for believing the statute is violated.

What were the elicited facts upon which the warrant issued? The information shows that the dwelling was under surveillance by prohibition agents (the defendant Lepper having previously been apprehended for smuggling intoxicating liquor into this country from Canada) and that on numerous occasions at night—in fact, during various hours of the day and night and as late as 2 a. m.—motor cars and trucks were perceived drawing up to the premises, and large quantities of bottles and cases containing bottles, cases of the kind and size usually used in the transportation of liquor, were moved or carried into the dwelling and out of it into waiting automobiles by men assisting while a woman at an upstairs window was apparently on the lookout during these activities. Noises of bottles and of cases coming in contact were heard both at times when they were moved into the dwelling and at other times, when they were moved therefrom and loaded into automobiles or trucks awaiting delivery in the driveway. It is true the liquor in bottles was not in fact seen or tasted, but filled cases of the size used to transport liquor, and the ac-

companying noises, together with the clandestine operations at night, were matters of detail from which reasonable deductions were fairly warranted. It may be argued that a reasonable sequence does not follow, or that an inference of sale was not deducible from any of the facts. It is, however, elementary that a fact may be presumed from the existence of other facts and correlated circumstances which have been proven. U. S. v. Ross, 92 U. S. 284, 23 L. Ed. 707. If the presumed fact has an obvious relation or connection to the facts from which the inference is drawn, it amounts in my opinion to a legitimate presumption. The deductions from the evidential fact that cases were seen taken into the house at night and later removed therefrom into waiting automobiles evidently brought or owned by customers, and the noises of glass bottles and contacting wooden cases on loading them, together with the secret manner in which the operations were conducted, would seem to me to reasonably warrant the existence of probable cause for believing that the specified crime was being committed. Such a decision does not rest merely upon remote inferences, nor upon a presumption deduced from circumstances alone nor indeed upon mere conclusions. On the contrary, it rests upon a fair and reasonable deduction strong enough to create a reasonable ground of belief that the private dwelling occupied by Lepper was being used for the unlawful sale or traffic of intoxicating liquor, or used at least in part for some business purpose. Section 25. See In re Mobile (D. C.) 278 Fed. 949.

[4] The objection that the apartments to be searched were not specifically described in the warrant is insufficient, in view of the circumstances to invalidate it. The downstairs part of the dwelling where the intoxicating liquor was seized was occupied by the defendant, and that there were other tenants upstairs does not vitiate the search of the defendant's premises as directed in the warrant. U. S. v. Wihinier (D. C.) 284 Fed. 528. Nothing was seized in the defendant Beck's apartment upstairs, but he was held by the commissioner before whom the warrant was returnable for aiding and abetting the codefendant in the commission of the offense.

Other grounds for voiding the warrant were argued, to wit, failure to give a receipt for the property taken, and that it was not executed and returned within 10 days, but I deem them unsubstantial. It contains the essentials necessary to its validity and the use of general language with respect to certain statutory requirements, instead of greater precision, does not in the circumstances presented demand setting the warrant aside.

Motion denied.