## UNITED STATES v. McISAACS et al.

Third Division, Anchorage. March Term.

No. 876–C.

**1. Searches and Seizures ⬤⟞3(8)—Affidavits and Warrant.**

The affidavit and search warrant described the place where the intoxicating liquor was thought to be located as the Seattle Hotel, and that the person making the affidavit declared he could smell it from a point a very few feet outside the hotel. *Held*, both the affidavit and the warrant insufficient, because there were many rooms in the hotel, and many persons residing in these various rooms, and neither the affidavit nor the search warrant sufficiently described the property to be searched.

**2. Intoxicating Liquors ⬤⟞244, 249—Searches and Seizures.**

Searches and seizures of intoxicating liquor in Alaska are governed by section 25 of title 2 of the Volstead Act (27 USCA § 39), and the warrant must comply with the requirements of Espionage Act June 15,·1917, tit. 11, §§ 6, 10 (18 USCA §§ 616, 620); otherwise, it is insufficient, and will be quashed on motion.

Sherman Duggan, U. S. Atty., of Ketchikan, J. A. Hurley, U. S. Atty., of Fairbanks, and Harry G. McCain, U. S. Atty., of Ketchikan.

M. M. Thompson, J. S. Truitt, of Anchorage, and Carl Almy, of Lost Harbor, for defendants.

RITCHIE, District Judge. Application was made in this case by the defendants for an order quashing the search warrant and return, and affidavit for search warrant. Various grounds are stated in the application, but they need not be considered separately. Objection is made to the affidavit for the search warrant on the ground that it does not state facts sufficient to entitle a warrant to issue. The material part of it is as follows:

"That J. J. McIsaacs and H. J. Wertz have in their possession in the Seattle Hotel, located on Fifth avenue, between C and D streets, near the corner of Fifth avenue and C street, in the city of Anchorage, Alaska, intoxicating liquor in violation of the liquor laws in effect in the territory of Alaska. ·

"That this affidavit is based upon the fact that I was within a very few feet of the above-described Seattle Hotel on the 2d day of August, 1922, and could plainly smell the odor of intoxicating liquor from within said Seattle Hotel, and know that there is there within

⬤⟞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*said Seattle Hotel intoxicating liquor, to wit, whisky,* commonly called 'white mule,' and beer."

The affidavit can hardly be held to be sufficient for the purpose for which it was intended. The description of the property is not specific enough, in view of the fact that the building is a hotel. If it contains a large number of rooms, it is certainly open to the criticism made of a similar affidavit by Judge Dooling in the Northern District of California, in United States v. Mitchell, 274 F. 128. A great many innocent persons might have been occupying parts of that hotel, who would have been subject to search under the warrant. Next is the statement of the affiant that on August 2, 1922, he was within a few feet of the hotel, "and could plainly smell the odor of intoxicating liquor from within said Seattle Hotel, * * * to wit, whisky, commonly called 'white mule,' and beer." The affidavit was not made until two days later. It is plain that all the intoxicating liquor in the building might have been removed two days before the affidavit was signed and a warrant issued.

Waiving the insufficiency of the affidavit, and considering the search warrant, we find the material part of the warrant reads as follows:

"Information on oath having been this day laid before me that the above-named J. J. McIsaacs and H. J. Wertz have in their possession intoxicating liquor, in the Seattle Hotel, on Fifth avenue, between C and D streets, near the corner of Fifth avenue and C street, in the city of Anchorage, Alaska, and occupied by the said J. J. McIsaacs and H. J. Wertz; that all of said intoxicating liquor so possessed by the above-named J. J. McIsaacs and H. J. Wertz is in violation of law and contrary to the act of Congress approved February 14th, commonly called 'Alaska Dry Law.'"

The warrant, like the affidavit, merely describes the Seattle Hotel, and it is, therefore, subject to the same objection that has been made to the affidavit; but, even admitting both affidavit and warrant to be sufficient in their description of person and property, the warrant seems to me to be fatally defective in the following particulars:

This court has repeatedly held that searches for and seizures of intoxicating liquors in the territory of Alaska are governed by the provisions of section 25 of title 2 of the Volstead Law (27 USCA § 39). This section provides that affidavits and warrants must comply with the requirements of the Espionage

Law of June 15, 1917. This law requires the warrant to contain the following:

(1) The particular grounds or probable cause for its issue and the names of the persons whose affidavits have been taken in support thereof.

(2) A direction in the warrant that it be served in the daytime, unless the affidavits are positive that the property is on the person or in the place to be searched, in which case a direction may be inserted that it be served at any time of the day or night.

Sections 6, 10, tit. 11 (18 USCA §§ 616, 620).

The search warrant in this case contained neither of those necessary statements. Although it does state that information on oath has been laid before the commissioner that defendants have intoxicating liquor in their possession in the Seattle Hotel, contrary to law, it does not name the person whose affidavit was taken in support of the application for the warrant. Further, it fails to contain a direction that the warrant be served in the daytime, or a direction that it may be served at any time of the day or night. Both of these defects appear to me to be plainly fatal.

Because of the two defects in the warrant just stated, the application for the quashing of the search warrant is granted. This makes it unnecessary to consider the return on the warrant, or to decide whether or not the affidavit was sufficient.

The motion to quash is granted.