## McGUIRE v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 13, 1925.)

No. 263.

In Error to the District Court of the United States for the Northern District of New York.

See, also, 300 F. 98.

Before HOUGH, MANTON, and HAND, Circuit Judges.

On the hearing in this court certain questions of law arose concerning which this court desires the instruction of the Supreme Court in order properly to decide the cause.

### Statement of Facts.

The facts material to the questions certified and revealed by the bill of exceptions and exhibits are as follows:

An information was duly filed against Mc-Guire, charging (first count) that he, within the jurisdiction of the court, did possess a large quantity of intoxicating liquor otherwise than as authorized in the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), that is to say, for intoxicating-beverage purposes; and (second count) that he did, at 718 Albany street, Schenectady, N. Y., on a day certain and within the jurisdiction of the court, unlawfully and knowingly sell to a person named certain intoxicating liquors, he, the said McGuire, then and there well knowing the same to be intoxicating liquors.

Before the filing of said information, and upon due showing of probable cause, a United States commissioner in and for said Northern district of New York duly issued a search warrant, pursuant to title 2, section 25, of the National Prohibition Act of October 28, 1919 (Comp. St. Ann. Supp. 1923, § 10138½m), in and by which warrant certain named United States internal revenue agents were commanded to enter certain premises, to wit, 718 Albany street, Schenectady, N. Y., in the daytime only, and then and there diligently search for the liquor alleged by the affidavits submitted to be upon said premises and in the possession of said McGuire.

The persons named in said search warrant duly entered upon said premises in the daytime, and then and there duly discovered and seized a large quantity, to wit, several gallons, of intoxicating liquor, which liquor they then and there destroyed, without any order or direction of any court in respect of said destruction, except one quart of whisky and one quart of alcohol, which they retained for purposes of evidence.

The persons named in said search warrant, who had thus seized and for the most part destroyed the intoxicating liquor discovered, made return to the United States commissioner who had issued such search warrant, setting forth how much liquor they had destroyed, and declaring their retention of (in the language of the return) "samples taken; one quart of whisky, one quart of alcohol."

At the trial under said information the "samples" of liquor were offered in evidence against McGuire. To the admission of said evidence McGuire by his counsel duly objected, in that it appeared that the persons executing said search warrant did not legally execute the same, in that they had destroyed "certain of the matters or things that they alleged to have seized under the search warrant."

This objection was overruled. McGuire was convicted upon the count alleging possession, and acquitted upon the count alleging sale. Whereupon McGuire brought this writ of error, and the cause is now pending in this court.

## Questions Certified.

(1) Were the officers of the law by reason of their action in destroying the liquors seized trespassers ab initio?

If the answer to the first question is in the affirmative, we ask:

(2) Was the admission in evidence of the samples of intoxicating liquor unlawful?

In accordance with the provisions of section 239, U. S. Judicial Code (Comp. St. § 1216), the foregoing questions of law are by the Circuit Court of Appeals for the Second Circuit hereby certified to the Supreme Court.

Dated New York, April 9, 1925.

CHARLES M. HOUGH,
U. S. Circuit Judge.
MARTIN T. MANTON,
U. S. Circuit Judge.
LEARNED HAND,
U. S. Circuit Judge.