## UNITED STATES v. YABLONSKY et al.

(District Court, S. D. New York. August 13, 1925.)

1. Searches and seizures ⊚⇒3—Search warrant valid on its face may be shown to be invalid because of defective description of property to be searched.

Search warrant valid on its face may be shown to be invalid because of defective description of property to be searched.

2. Intoxicating liquors ⊚⇒249—Search warrant not invalid, though not definite as to exact character of building to be searched.

That place to be searched is apartment house is not ground for vacating warrant, and mere fact that reading of warrant and affidavit would leave inference that building to be searched was one-family residence, when in fact it was a small apartment house *held* not to render search warrant invalid, particularly where search was limited to part of premises in which illegal transactions in intoxicating liquors were established.

Proceeding by the United States against Steven Yablonsky and another. On motion to set aside search warrant, and for return of liquor and stills seized thereunder. Motion denied.

Emory R. Buckner, U. S. Atty., of New York City (John M. Cashin, of New York City, of counsel), for the United States.

Jenks & Rogers, of New York City (Abraham Benedict, of New York City, of counsel), for defendants.

GARVIN, District Judge. This is a motion by the defendants to set aside a search warrant and to direct the return of intoxicating liquor and stills seized thereunder. The warrant was issued and directed against the premises described as a certain three-story brick and stucco building at No. 17 Seymour street, Yonkers, Westchester county, N. Y., upon an affidavit which described the premises with particularity and set forth the sale of intoxicating liquor in a kitchen on the second floor building. This affidavit further set forth clearly that not only the house, but a garage on the premises, was being used in connection with violations of the National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The search warrant permitted a search of the building (which was described as a residence) and included the cellar, the subcellar, and the garage to which reference has been made. A large quantity of liquor and two copper stills were seized.

[1] This application to vacate is made on the ground that although, from a reading of the search warrant and affidavit, it would be inferred that the building was a residence occupied by one family, it was in fact a two or three family house. I have no doubt that it may be shown that a warrant, valid on its face, is in fact invalid because of a defective description of the property to be searched.

[2] There is no such difficulty here with respect to the building involved, for there is no suggestion that there is another in Yonkers known as No. 17 Seymour street. It is defendants' contention that, by reason of the fact that the building is of a type corresponding to a small apartment house, the search warrant is invalid, because that fact does not appear therein. It has been held that a warrant is not to be vacated on the bare ground that the premises described and to be searched were an apartment house. U. S. v. Wihinier (D. C.) 284 F. 528. The search was limited to that part of the premises in which there was proof that illegal transactions in intoxicating liquors had been had before the warrant was issued. This was within the authority of Steele v. U. S., 267 U. S. 498, 45 S. Ct. 414, 69 L. E. 757. The motion to vacate the warrant is denied.

It seems to be the law of this district to deny applications for the return of liquor seized as in the case at bar. The application for an order directing the return of the property seized is therefore denied.