## HARDWIG v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
February 9, 1928.

No. 5060.

Criminal law ⚖=394—In liquor prosecution defendant lessee could not object to evidence of what searching officers found or did in premises sublet to another (Fourth Amendment).

Where defendant in liquor prosecution was lessee of building, but had sublet second floor, still, with supplies, equipment, and whisky, found by searching party of federal officers on second floor, was admissible in evidence, since he had no right to object to evidence of what was found or done on premises which were sublet to another, where it was not shown that officers passed through part of building oc-

cupied or used by him, and, besides, right of ingress to and egress from upstairs was incident to sublease, and only sublessee could rely on Fourth Amendment to complain of any illegal or improper use of this right.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio.

George Hardwig brings error. Affirmed.

Henry A. Pollack, of Cleveland, Ohio (Mooney, McCormack, Roth & Pollack, of Cleveland, Ohio, on the brief), for plaintiff in error.

John B. Osmun, Asst. U. S. Atty., of Cleveland, Ohio.

Before DENISON and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

PER CURIAM. The record presents two questions. The first is whether a still, with supplies, equipment, and about 30 gallons of whisky, found by a searching party of federal officers, was admissible in evidence against plaintiff in error, Hardwig. Hardwig was lessee of his dwelling, but had sublet the second floor of it to an Italian. All of the evidence objected to was found in that part of the building occupied by the Italian.

Hardwig had no right to object to evidence of what was found or done there. Newingham v. United States (C. C. A.) 4 F.(2d) 490; Remus v. United States (C. C. A.) 291 F. 501; Van Dam v. U. S. (C. C. A.) 23 F.(2d) 235, decided January 6, 1928. Nor did he have any such right because of the circumstances under which the officers reached that part of the building, for it was not shown that they passed through any part of the building occupied or used by him, and, besides, the right of ingress to and egress from the upstairs was an incident to the sublease, and only the sublessee could rely upon the Fourth Amendment to complain of any illegal or improper use of this right.

The other question, relating to the sufficiency of the evidence to support a conviction on the fourth count, charging the maintenance of a nuisance, is controlled, we think, by Schutte v. United States (C. C. A.) 21 F.(2d) 830.

Affirmed.