**HOGREFE et al. v. UNITED STATES.**

Circuit Court of Appeals, Ninth Circuit.
February 4, 1929.

No. 5566.

Henry Arnold Peterson and W. W. Mount, both of Tacoma, Wash., for appellants.

Anthony Savage, U. S. Atty., of Seattle, Wash., and John T. McCutcheon, Asst. U. S. Atty., of Tacoma, Wash.

Before GILBERT and DIETRICH, Circuit Judges, and NORCROSS, District Judge.

GILBERT, Circuit Judge. The appellants were found guilty on four counts of an information, which charged them jointly with selling intoxicating liquor on four specified dates in June in the year 1927. Hogrefe was also found guilty on the fifth count, which charged him with a sale of liquor on a specified date, and both the appellants were found guilty under a count which charged them with conducting and maintaining a common nuisance at a place situated at 930½ Pacific avenue, Tacoma, Wash., known as the Empress Hotel.

The appellants, by numerous assignments, assail the validity of the search warrant under which the Empress Hotel was searched, and the refusal of the court to

quash the same and suppress the evidence thus obtained. They say first that there was no sale; that the evidence against the appellants consisted of testimony that certain prohibition agents purchased liquor on the dates charged in the various counts of the information by telephone orders to a certain telephone address in the Empress Hotel; and that to respond to such an order, and send liquor to the purchaser, was not to make a sale on the premises. The proposition is so devoid of merit as to require no discussion. If the appellants used the premises which they occupied for storing liquor for sale, and receiving telephone orders from purchasers thereof, and sending out liquor in response thereto, they cannot be heard to say that they were not selling intoxicating liquor on the premises.

█ Nor do we find that the warrant was invalid. The only ground on which its validity is questioned is the alleged uncertainty of the description of the premises to be searched. The premises were described as "the Empress Hotel, 930½ Pacific avenue, and especially rooms, apartments, and outbuildings, used and under the control of the above-named persons. Place not used wholly as a residence, and on the premises used, operated, and occupied in connection therewith and under the control and jurisdiction of said above parties." The "parties" so named were the appellant Hogrefe and Andy Brown, and employers, employees, and assistants. The Empress Hotel, consisting of 18 rooms, occupied an entire floor of a building. The appellant Hogrefe and his wife were the managers, and they occupied 5 of the rooms. In room 16, adjoining their apartment, was found a very large amount of intoxicating liquor of various kinds, and the ingredients for making them. In the kitchen of their apartment were found a pint of moonshine whisky and a pint of gin. About 10 of the rooms were vacant. In one room a man was found sleeping, and two of the remaining rooms were furnished for occupancy, but there was no proof that any one occupied them. In short, with the single exception above noted, there was no evidence that others than the said appellant and his wife occupied any of the rooms of the Empress Hotel.

The appellants claimed that said premises, being their residence, were not subject to search and seizure, citing the statute, 27 USCA § 39, which provides: "No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boardinghouse." But here the premises were used both for residence and hotel purposes, and there was ample proof of personal knowledge on the part of the prohibition agents that it had been used for the unlawful sale of intoxicating liquor. In Tynan v. United States, 297 F. 177, this court said: "No doubt a general search warrant for an entire building, or floor of a building, occupied by different families or different tenants, is ordinarily null and void", but in the case there under consideration the affidavit charged that the entire floor was used for the unlawful purposes stated, and the court sustained the validity of the warrant.

Among other cases in point are Giacolone v. United States (C. C. A.) 13 F.(2d) 108; Fry v. United States (C. C. A.) 9 F.(2d) 38; United States v. Wihinier (D. C.) 284 F. 528; and United States v. Lepper (D. C.) 288 F. 136. In the cast last cited it was objected that the warrant was invalid for failure to describe the apartments to be searched. The court held that the fact that other tenants occupied the upstairs apartments, while the downstairs part of the dwelling, where the intoxicating liquor was seized, was occupied by the defendant, did not render the warrant invalid.

█ We find no reversible error in the ruling which permitted the district attorney to ask Hogrefe on cross-examination whether the dry squad had been in his place several times, to which the answer was, "They have been up there many times." It is contended that the effect of the ruling was to permit the appellant to be cross-examined as to offenses other than the one charged, and to prejudice him in the minds of the jury. We do not think that the inquiry involved a suggestion of the commission of prior offenses. He answered: "They have been up there many times. The city dry squad came up there, because it was a hotel, and they went through every hotel in town." This would show that the appellant's hotel was treated as were all other hotels, and that, if there was error in the admission of the testimony, it was harmless error.

The judgment is affirmed.