### UNITED STATES v. NAGLE.

District Court, N. D. New York. October 1, 1929.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y.

Irving K. Baxter, of Utica, N. Y., for defendant.

COOPER, District Judge. This is a motion to vacate the search warrant and suppress the evidence.

The defendant controverted the search warrant before the issuing commissioner, William H. Hampton of Utica, and gave the testimony of himself and one Martin. No notice of such proceedings were given to the United States attorney and he did not appear therein. The prohibition agent affiant had died in the meantime and no testimony was given on behalf of the government. The commissioner held that the defendant had failed to show absence of probable cause and declined to vacate the search warrant.

The defendant has not formally appealed to review the action of the commissioner nor sought a summary review. He has made his motion de novo to the court on the same and additional grounds and offers on this motion the evidence taken before the commissioner.

All technicalities of procedure are deemed waived, and the matter will be considered up-

on the theory that the court may summarily review the action of the commissioner and may, at the same time, entertain a like motion to vacate the search warrant and suppress the evidence on the same and additional grounds. The only grounds urged by the defendant in such combined proceedings worthy of consideration are these:

1. That the affidavit is not sufficient for a nighttime search warrant.

2. That the defendant and Martin having been sworn on behalf of the defendant, and there being no opposing testimony, the prohibition agent affiant having in the meantime died, the undisputed testimony of the defendant denying the alleged sale of intoxicating liquors must prevail, the probable cause must be deemed to have been destroyed and the warrant held to have been issued without probable cause.

3. That there were at least two separate places or premises within the hotel described in the search warrant, and, as the search warrant described but a single place, it is invalid because not particularly describing the particular place to be searched.

■ On the first ground the defendant must fail. The prohibition agent in his affidavit made March 18, 1929, says that on March 15th he visited the hotel premises and bought whisky of the person in charge and paid such person the sum of $1, and that from his experience he knew that the liquid was whisky. He also stated in the affidavit: "Said whisky was poured from a bottle and there was more in the bottle and deponent is positive there is intoxicating liquor on the premises now."

The search warrant was issued March 18, 1929, and executed on March 21, 1929, by Prohibition Agent Brahe, who certified that he found three ounces of white, distilled spirits, two quarts of cider, and five half-barrels of cider.

The affidavit fully complied with the statutory requirements for a nighttime search warrant. It does not appear whether the search was made in the daytime or nighttime.

The defendant must fail on the second ground.

■ The burden is on the defendant who seeks to controvert a search warrant to show lack of probable cause. U. S. v. Napela (D. C.) 28 F.(2d) 898, at page 904, and cases cited therein.

■ The affiant appeared before the commissioner and made his affidavit before the search warrant was issued. He swore therein that he bought whisky in the premises described in the search warrant, of the man in charge thereof, to whom he gave the sum of $1; that he was familiar with the taste of whisky and knew that what he purchased was whisky and had an alcoholic content of more than one-half of one per cent. The mere sworn denial by the defendant before the commissioner that he himself sold such whisky or authorized the sale would not necessarily destroy the probable cause, nor would it have been so destroyed if he had testified that there never was any whisky on the premises.

On a trial where a prohibition agent testifies to a sale, the defendant is not entitled to a dismissal of the charge merely because he testifies that he did not sell. It remains a question of fact for the jury, which must be satisfied of defendant's guilt beyond a reasonable doubt. How then shall the defendant be held as a matter of law to have utterly destroyed the lesser degree of proof, viz., probable cause, contained in the affidavit on which the search warrant was issued, merely because he testifies on such preliminary proceedings that he did not sell or authorize the sale. It is not as if the defendant's evidence were undisputed; the affidavit is before the commissioner and must be considered by him.

■■ Of course, if the defendant presents proof that the premises were closed at the time of the alleged sale, or that they were vacant and that defendant did not move in until after the time of the alleged sale, or any other testimony which satisfies the commissioner that the prohibition agent was mistaken, or made a false affidavit, it would be the duty of the commissioner to vacate the search warrant. And such would be his duty, no less, if the agent had appeared before the commissioner and been sworn and again testified to the facts contained in his affidavit. The mere fact that the prohibition agent was not sworn before the commissioner on the proceedings to controvert the search warrant does not change the defendant's status or rights as a matter of law, nor require as a matter of law that the search warrant be vacated. The matter is one of judicial discretion for the commissioner as to whether or not the defendant has satisfied him by the evidence that there was no probable cause to believe that whisky was sold as stated by the prohibition agent in his affidavit.

The commission was not satisfied in this case that there was no probable cause, nor is the court. The commissioner's determination is conclusive unless his judgment is arbitrarily exercised. Gracie v. U. S. (C. C. A.) 15 F.(2d) 644.

The third ground raised by the defendant presents more difficulty.

The premises are described in the search warrant as follows: "Brick building in the village of Earlville known as the Central Hotel." The court will take judicial notice that Earlville is a small village in Central New York. This description accurately locates and identifies the premises to be searched. Indeed, the defendant makes no point that the description of the search warrant fails to accurately locate and identify the defendant's hotel.

When the defendant sought before the commissioner to controvert the search warrant, he testified that he was the proprietor of the hotel; that the barroom had been discontinued and a lunch counter substituted; that he sold no whisky to the prohibition agent and authorized no one to sell it to him; and that the seizure of intoxicating liquors was not made in the lunchroom, but in the hall between the kitchen and back room, except the five 50-gallon barrels of cider which were found in the cellar.

He also swore that one Albert Martin rented a room in the hotel by the month; that Miss Minnie Nash, a retired school teacher, rented two rooms in the front of the building by the month and used her own furniture; and that one Charles Hold also rented a room there. The defendant also testified that he rented the whole hotel building from the owner.

Said Albert Martin was also sworn for the defendant, and testified that he did not then room in the hotel, but did room there in March, 1928, and before, and paid by the month and had no other home. Martin also testified that Miss Nash and a man named Hold roomed in the hotel in March and that Miss Nash paid her rent by the month.

Neither witness gave any testimony as to the care of the rooms, the serving of meals, the custody of the keys, and access to the rooms by defendant and his servants, nor about any other things usually done for guests, transient or regular, in a hotel. It will be presumed, in the absence of proof to the contrary, that the defendant and his servants had the keys of these rooms and cared for the rooms as is usually done for guests having rooms in a hotel. It is probable also that these guests were served with meals in the dining room of the hotel, as is almost invariably the case in small country village hotels; there being usually no other place where meals may be obtained.

For aught that appears in the evidence before the commissioner, there was no permanent fixed or stipulated charge for the accommodations furnished these three guests; the landlord might raise or lower the rate or charge at will; might change their rooms at any time. On the other hand, these guests, so far as appears in the evidence, might leave at any time without notice, paying the charge only to the time of leaving. Nothing appears in the record to distinguish these guests from transient guests, except that they paid monthly and one used her own furniture in her rooms. It is doubtful, therefore, that these guests occupied "not transiently but solely as a residence" within the meaning of section 25, tit. 2, of the National Prohibition Law (now section 39, title 27, of the U. S. Code [27 USCA § 39]).

If it be assumed, however, for the purpose of this motion, that these three persons occupied their rooms solely as a residence, much doubt still remains that defendant's objection to the search warrant should be sustained.

His contention is based on section 39 of title 27 of the U. S. Code [27 USCA § 39] (formerly section 25, tit. 2, of the National Prohibition Law), and section 613 of title 18 of the U. S. Code, 18 USCA § 613 (formerly section 3 of title 11 of the Espionage Act of 1917). Section 39 of title 27 provides in substance that search warrants may be issued as provided in title 18, subject to the modifications and limitations of title 27. Section 613 of title 18 reads as follows:

*"Probable Cause and Affidavit.*—A search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched."

This is in almost the exact language of the Fourth Amendment to the United States Constitution, which reads as follows:

" * * * And no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Section 39 of title 27 of the U. S. Code, after providing that possession of intoxicating liquors intended for use in violating the Prohibition Law shall be unlawful and that search warrants may be issued as provided in title 18 and the property seized thereunder destroyed, makes this provision.

"No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house. The term 'private dwelling' shall be construed to include the room or rooms used and occupied not transiently but

solely as a residence in an apartment house, hotel, or boarding house. * * * ”

It is upon the last sentence quoted that defendant builds his structure of claimed invalidity of the search warrant. The rooms of these three roomers, being private dwellings under the proof and under section 39, are their separate private residences, the defendant contends, and there are therefore four places or premises in the Central Hotel of defendant instead of one, and as the search warrant describes the premises as a single place or premises, the search warrant does not particularly describe the premises to be searched, and thus violates the statute (section 613 of title 18) and the Constitution.

Defendant also makes the additional contention that since each of such rooms constitutes a private dwelling under section 39 and no sale was shown therein, a search warrant could not issue, whether the search warrant covered four premises or only one premises, viz., such private dwelling.

It must be admitted that if the room of each of these three roomers constitutes a private dwelling under section 39 and must be particularly described under section 613 in order that a valid search warrant may issue to search premises including such room, and particularly if not only must such room be particularly described but a sale must be shown therein to warrant the issuance of a search warrant for a premises which includes such rooms, the defendant is right in his contention.

Does section 613 or the Constitution require any such refinements of particular description?

The Fourth Amendment was adopted in 1791. The Espionage Act, of which section 613 of the present title 18 of the U. S. Code is a part, was a war act passed in 1917 and may be assumed to have intended no greater refinements of “particular description” than the Constitution required. Section 39 of Title 27 of the U. S. Code was formerly section 25 of title 2 of the National Prohibition Law, which was enacted in 1919.

Not only was it held before the enactment of the Prohibition Law including this section 39, as formerly numbered, but it has been held since, that a description in a search warrant is sufficient, both under the Constitution and the statute, if such that the officer can with reasonable effort ascertain and identify the place intended. Steele v. U. S., 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757.

There can be no doubt that the place intended in the case at bar was the hotel premises other than these rooms, and it is conceded that the description is sufficient to identify and locate defendant's hotel. Is the search warrant invalid not only as to the rooms constituting the private dwellings of these roomers, but in whole and as to the remainder of the hotel, because the description of the hotel covered the rooms of these roomers whose existence and whereabouts were totally unknown to the deceased agent who made the affidavit on which the search warrant was issued and to the agents who executed it.

If defendant is right in that contention, then the effect of section 39 is to impose such burdensome restrictions upon the issue of search warrants and so greatly limit the words “particularly describe” of section 613, and even of the Fourth Amendment to the Constitution, that it presents a serious problem in the enforcement of the Prohibition Law.

To sustain the defendant's contention would render it practically impossible to issue a valid search warrant for a country hotel unless the search warrant limited the search to the barroom or to the ground floor. It is well known to those having to do with the Prohibition Law that few violators keep their supply in their barrooms or on the same floor. Rooms upstairs, concealed closets, cellars, sheds, and outhouses, and other concealed places, are the usual places of storage. Search warrants limited to the barroom or lower floor would not permit a thorough search and would be almost valueless.

A search warrant, to be valid under defendant's contention, and permit a thorough search of the hotel premises, would need to particularly describe the room or rooms occupied by such guests, and in the description of the premises to be searched particularly eliminate such rooms.

Proprietors would need to have but a single monthly guest, and unless the prohibition agent could ascertain the existence of such guest and the whereabouts of his room and by particular description eliminate it from the description of the hotel premises, there could hardly be a valid, worthwhile, search warrant issued for such a hotel. Prohibition agents who made inquiries about the existence of rooms occupied by permanent guests might easily, and probably would, arouse suspicion and cause temporary removal of intoxicating liquors from the premises entirely.

The proprietor could in practice prevent the possibility of accurately describing the room of such a guest by moving him from

room to room. No such unreasonable construction should be placed on the statute unless it so requires.

■ The statute must be given a reasonable construction to aid in the enforcement of the Eighteenth Amendment and the Prohibition Statute. U. S. v. Goodwin (D. C.) 1 F.(2d) 36; U. S. v. Nobriga (D. C.) 19 F.(2d) 92, 94.

It is true that the mandate of a search warrant authorizes the search of the entire premises described therein. But the object of the search warrant is not to search for the sake of searching, but to search for and seize the property or things particularly described therein. When the described things are found and seized, the search warrant is satisfied and no further search is required. This is undoubtedly what was done in the case at bar. Indeed, it is not clear but that a prohibition agent may subject himself to the penalties of section 53 of title 18 of the U. S. Code (18 USCA § 53), who, having found and seized the things in the warrant issued to search the hotel, persists in willfully searching further, especially when he is informed or otherwise learns that further search would invade the private dwellings of other persons. Section 53, referred to, imposes a fine not to exceed $1,000 and imprisonment for one year upon an agent who "shall search any private dwelling" as defined in the act "without a warrant directing such search." In these sections, as well as in the Constitution, lies the protection of occupants of private dwellings in such places as defendant's hotel, whose rights may be violated.

It is manifest that the defendant has no merit or equity in his claim. It is a claim for a purely technical and artificial construction of a statute designed to protect private dwellings, and not to protect hotel keepers who violate the law.

The courts have struggled with situations arising under sections 39 and 613, for very many cases have arisen because of the apparent inconsistency of the provisions of section 39 relating to private dwellings in connection with section 613.

In most cases the courts have held that search warrants generally describing as a whole a premises apparently used in whole or in part for some business purpose were not void because it was later discovered that one or more private dwellings existed therein.

Some of such cases are: U. S. v. Boscarino, 21 F.(2d) 575 (D. C., W. D. N. Y.); U. S. v. Lepper, 288 F. 136 (D. C., W. D. N. Y.); U. S. v. Yablonsky et al., 8 F.(2d) 318 (D. C., E. D. N. Y.); U. S. v. McGuire (D. C.) 300 F. 98, affirmed (C. C. A.) 6 F.(2d) 576; U. S. v. Wihinier (D. C.) 284 F. 528; Hogrefe v. U. S., 30 F.(2d) 640 (C. C. A. 9).

The defendant has cited two cases: U. S. v. Innelli (D. C.) 286 F. 731, and the unreported case in this district, U. S. v. Elvira Yengo.[1] These cases are not in analogy. Many others on the subject, such as Tynan v. U. S. (C. C. A.) 297 F. 177, or U. S. v. Mitchell (D. C.) 274 F. 128, seem not in point or based on states of fact having little similarity to the case at bar.

■ A reasonable construction of the sections of the statutes here involved applicable to cases like the one under consideration seems to be this: Where a search warrant is issued, upon sufficient probable cause, for the search of such premises as a country hotel, which, to all outward appearance, and as far as can readily be ascertained, is a single premises or place used for business purposes within section 39 of title 27 of the U. S. Code, and the search warrant particularly describes such hotel so that it can be ascertained and identified, the search warrant, thus valid on its face, does not become invalid merely because upon later proceedings before the commissioner or the court it is disclosed for the first time that some room or rooms in the hotel is or are occupied as a private dwelling within the meaning of other provisions of the same section, if no search is made of such private dwelling.

This is a construction which gives effect to all provisions of the sections, saves the constitutional and statutory rights of all persons, and permits no person to take advantage of what is at the most a technical and immaterial error, which has not affected the rights of others and from which he has suffered no harm.

The views here expressed would not be applicable to large apartment houses or hotels, where the very physical appearance of the buildings and their type of construction clearly indicate that they are occupied by several families, each apparently having exclusive dominion and control over its own apartments, or that many guests, doubtless some permanent, are housed therein, who could have no connection with the business conducted in the building. Only by gross negligence could one seek or issue a search warrant for such an entire building.

■ If it were necessary to decide the validity of the search warrant in this case, the de-

---

[1] No written opinion filed.

cision would be that it is valid; but it is not necessary to decide that question, because it appears that defendant may not, under such a situation as here exists, raise the question of the validity of the search warrant where the alleged invalidity affects only the rights of others.

In Remus v. U. S., 291 F. 501 (C. C. A. 6), the Court said at page 511: "If this search warrant was illegal, and the search and seizure constituted an invasion of John Gehrum's constitutional rights, it certainly could not affect the constitutional rights of the other defendants, the privacy of whose homes was not invaded, nor could they be heard to complain that the constitutional. rights of Gehrum had been forcibly and unlawfully violated nor could Gehrum claim the benefits of the 4th and 5th amendments on behalf of his codefendants."

In Rouda v. U. S., 10 F.(2d) 916, 918 (C. C. A. 2), the validity of the search warrant was questioned. The Circuit Court of Appeals said, in part: "If a trespass, it was not upon the premises occupied by the defendants, and they may not escape through a wrong of which they were not the victims."

In Hardwig v. U. S., 23 F.(2d) 922 (C. C. A. 6), the headnote says: "In liquor prosecution defendant lessee could not object to evidence of what searching officers found or did in premises sublet to another."

In U. S. v. Wexler et al. (D. C.) 4 F.(2d) 391, the headnote says: "If the premises of one defendant or conspirator have been unreasonably searched without a proper search warrant or pursuant to a defective one, and property seized, he alone will be heard to complain thereof, and the evidence, if any, so obtained is admissible against all other defendants."

Of like effect are: U. S. v. Gass (D. C.) 17 F.(2d) 996; Schwartz v. U. S., 294 F. 528 (C. C. A. 5); Haywood v. U. S., 268 F. 795 (C. C. A. 7); Lewis v. U. S. (C. C. A.) 6 F.(2d) 222; Klein v. U. S. (C. C. A.) 14 F.(2d) 35; Graham v. U. S. (C. C. A.) 15 F.(2d) 740, certiorari denied O'Fallon v. United States, 274 U. S. 743, 47 S. Ct. 587, 71 L. Ed. 1321; Cantrell v. U. S. (C. C. A.) 15 F.(2d) 953, certiorari denied, 273 U. S. 768, 47 S. Ct. 572, 71 L. Ed. 882; Van Dam v. U. S. (C. C. A.) 23 F.(2d) 235.

In some of these cases the search warrant apparently void as to third persons was executed and evidence seized in the premises of such third person, which was used against the defendant in the case. The courts held that such third persons alone could raise the question of invalidity, and even they could raise it only in their own behalf and not in behalf of the defendant.

These latter cases are much stronger than the case at bar. Here not only are third parties not raising the question on behalf of themselves or of the defendant, but no search was made in their premises, and no seizure made therein.

It makes no difference that most of the foregoing cases on this point decide the admissibility of evidence rather than the validity of search warrants. Suppression of the evidence here is the ultimate object of defendant's motion and the attack on the search warrant is for the sole purpose of making incompetent as evidence against him the seizure thereunder. These cases decide that whether the evidence was obtained by a valid or invalid search warrant or without warrant at all, the only person who can raise the question of the method of obtaining the evidence is he whose rights have been violated. Defendant is not such a person.

The defendant, therefore, may not be heard to complain of any alleged wrong of which he was not the victim.

The defendant must be defeated whether the case be considered a review of the commissioner's decision or a new motion to the court.