## UNITED STATES v. BARKOUSKAS.
### No. 682.

District Court, M. D. Pennsylvania.
Feb. 20, 1930.

Andrew B. Dunsmore, of Wellsboro, Pa., for the United States.

George W. Ellis and Vandling D. Rose, both of Scranton, Pa., for defendant.

WATSON, District Judge.

The search and seizure warrant against certain premises located at 1919 Jackson street, Scranton, Pa., is attacked on various grounds, one of which, and the one which I deem it necessary to discuss, is that the search warrant does not particularly describe the place to be searched.

The search warrant authorized the search of premises described as follows: "Certain premises within the Middle District of Pennsylvania, to wit the premises of a one story in front and two story in rear frame building, reddish brown trim, first floor used as bar room and second floor used as drinking rooms, located at 1919 Jackson St., Scranton, Pa." There was no statement of the name of the defendant, the name of the occupant of the premises, or any designation of any certain part of the premises.

The search warrant was executed and the search made on the first floor of the premises on January 10, 1930, and one gallon and one pint of red whisky seized.

 Had the whole premises described in the search warrant been occupied by defendant, such a description as the one given would undoubtedly be held to "particularly describe" and would meet all requirements. The facts are, however, that the owner of the

building occupied with his family the second floor, and the defendant held under lease and occupied the first floor, in which place he ran a store. Under these facts, there were two places included in the description, and the description was a general and not a "particular" description. United States v. Innelli et al. (D. C.) 286 F. 731.

In a number of cases cited by the attorney for the government, and in many other cases, it has been held that a search warrant is valid which directs the search of an apartment house or other building occupied by a number of different tenants, and states the name of the person occupying the apartment to be searched. Such a description is sufficient, as it "particularly" points to a definite ascertainable place.

In United States v. Wihinier (D. C.) 284 F. 528, one of the cases cited by the attorneys for the government, the search warrant was held to be valid which gave the street number and city, and also the name of the person who was the occupant. The premises were an apartment house.

In United States v. Lepper (D. C.) 288 F. 136, 139, the court said: "The objection that the apartments to be searched were not specifically described in the warrant is insufficient, in view of the circumstances to invalidate it. The downstairs part of the dwelling where the intoxicating liquor was seized was occupied by the defendant, and that there were other tenants upstairs does not vitiate the search of the defendant's premises as directed in the warrant."

There is nothing in the report of the Lepper Case to indicate that the defendant was not named in the search warrant as the occupant of the premises described. The language in the opinion of the court rather indicates that the defendant's name was given in the warrant as the occupant of the place to be searched.

The present case is not controlled by the case of Steele v. United States, 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757. In that case, the description stated that the building was used as a garage, and it was found that the whole building was used for that purpose. It was all under lease to Steele. In the present case, the description did not state that the building was used as a store, and the whole building was not under lease to the defendant.

In Tynan v. United States (C. C. A.) 297 F. 177, 179, the court said: "No doubt a general search warrant for an entire building, or floor of a building, occupied by different families or different tenants, is ordinarily null and void." This ruling was cited with approval in Hogrefe v. United States (C. C. A.) 30 F.(2d) 640.

The name of the defendant should have been stated in the search warrant, if known, and, if unknown, that fact should have been stated, and the designation of a certain portion of the building should have been given.

It is true that whisky was found in the store of the defendant when the search was made, but we are not now concerned with that which happened after the search warrant was issued. We are concerned only with the search warrant itself and with the authority it gave the officer to whom it was directed. It gave him authority to search the house of an innocent person without any attempt to show probable cause, which the Constitution of the United States (Amend. 4) intended to prevent.

As I am of opinion that the rule to quash the search warrant should be made absolute, for the reason that, as to the description, it is a general search warrant for an entire building occupied by different families or different tenants, I deem it unnecessary to discuss the other reasons advanced by the attorneys for the defendant, which other reasons I consider without merit.

The rule to quash the search warrant and suppress the evidence is made absolute, and it is ordered and decreed that the search warrant be and is quashed and the evidence obtained in the case be suppressed.