STATE *vs.* EVERETT C. BUTTS.

JANUARY 6, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J. This is a criminal complaint charging that the defendant "Did knowingly have in his possession a certain slip or certificate such as is used in carrying on, promoting and playing the game commonly known as policy-lottery or policy." The case was tried before a superior court justice, sitting with a jury, and resulted in the conviction of the defendant. It is before us on the defendant's bill of exceptions, the sole exception being to the denial of his motion to suppress evidence seized under the authority of a search warrant allegedly issued without probable cause.

It appears from the record that on December 6, 1960 a warrant issued out of the district court of the sixth judicial district authorizing the search of a dwelling house in which defendant resided at 386 Knight street in the city of Providence. The complaint was premised on the obser-

vation that several men and women had visited the house, staying a short time, and that information had been received from a visitor to the premises that number pool bets were accepted there.

General laws 1956, §11-19-24, provides:

"* * * that if the place to be searched be a dwelling house used and occupied as such, such search warrant shall not be issued unless the complaint is verified by the affidavit of an elector of the state, beside the complainant, which affidavit shall set forth that such elector has reason to believe and does believe that such dwelling house, within forty-eight (48) hours previous to the making of such complaint, has been used as a common resort for gamblers for purpose of gambling and shall state the facts upon which such belief is founded, which facts shall be recited in the complaint."

The complaint which was made and sworn to by the then chief of police was accompanied by an affidavit executed by Malcolm Thomas Brown, an elector, who swore that on December 3, 1960 he personally observed "three (3) women and four (4) men, seperately [sic] and at different times, enter this tenement and after a short visit leave." The affidavit further recited that on December 6, 1960 Brown "observed two different automobiles stop in front of this house and observed that the operator of each automobile, entered this tenement and after a short visit left. I know that some of those people went to this tenement for the purpose of placing bets (horse) and number pool bets."

It appears that on December 6 a search of the dwelling house was made and defendant was apprehended therein in possession of numerous betting slips and other gambling apparatus which were seized.

From his conviction in the district court defendant appealed to the superior court, where his motion to suppress the evidence obtained by the police during the search of his dwelling was denied by the trial justice.

150

The defendant's exception is premised on the argument that the facts as set forth in the complaint and the affidavit were insufficient to justify a conclusion that there was probable cause shown for the issuance of a search warrant. For this reason he contends that it was error for the trial justice to deny his motion and that such error was prejudicial to him, since the state concedes the materiality of such evidence.

It appears that the complaint was dated and the warrant issued on December 6, 1960. The elector's affidavit in support of the complaint was also dated December 6. The defendant points out that the affidavit contains allegations relative to two dates, namely, December 3 and December 6, 1960. Since the first date is more than 48 hours previous to the making of the complaint, he contends, observation on that date cannot be considered as a fact upon which to base belief that the dwelling house was being used for gambling as required by G. L. 1956, §11-19-24. In our opinion there is merit in this contention.

On December 6, 1960, the date of the issuance of the warrant, the affiant personally observed two people enter the dwelling in question and then leave after a short visit. This, however, is certainly not sufficient probable cause that gambling was taking place within the building. The number of dwellings which would be suspected on such evidence would be incalculable. And while the affiant swore that he knew that these people went to the tenement to place bets, he gave no basis for his knowledge. This amounts to a mere conclusion and is insufficient to show probable cause.

The complaint alleges that the then police chief of Providence, the complainant, had reason to believe that gambling was being conducted in the tenement. This belief was based on observation of several persons entering and leaving the premises for short visits and information received from an unnamed visitor to the tenement that bets were being accepted there.

An affidavit based upon information furnished by an unnamed person is generally held insufficient. *Salata* v. *United States,* 286 F. 125; *Carroll* v. *Commonwealth,* 297 Ky. 748. This is so even if the informer actually visited the premises. *Cole* v. *State,* 38 Okla. Crim. 396. No period of time is mentioned in the complaint concerning the observation of the visitors. From a reading of the complaint this surveillance could have extended over a prolonged period. In itself the visits of several people, however brief, to a dwelling house do not seem probable cause for belief that criminal activity is being conducted within that dwelling. As heretofore noted, such evidence is insufficient with relation to a single day and becomes even less acceptable as the involved period of time is extended into the unknown.

The state has called to our attention a line of cases decided by the appellate courts of some of our sister states, and still others by the United States supreme court, in which the hearsay type of information contained in both the complaint and elector's affidavit was held to be sufficient to establish probable cause. It would serve no good purpose to extend this opinion by reviewing the facts set forth in each of the decisions relied upon by the state. Suffice it to say that the hearsay in those cases was held to be acceptable because the alleged informant was either named or had previously given information which had proven to be reliable, or some other factor was involved which blunted the edge of what was otherwise clear-cut hearsay.

In the light of the reasoning of the appellate courts of those states which have taken the view herein expressed and the trend of the latest decisions of the United States supreme court, it is our judgment that on the facts of this case no probable cause existed and the search warrant was issued in violation of the constitutional rights of the defendant as guaranteed by art. I, §6, of the constitution of this state, and by art. IV of amendments to the constitution of the United States.

The defendant's exception is sustained, and the case is remitted to the superior court for a new trial.

*J. Joseph Nugent*, Attorney General, *Corinne P. Grande*, Special Counsel, for State.

*Anthony Grilli, Anthony E. Grilli*, for defendant.