226 A.2d 695.

STATE *vs.* JAMES COSTAKOS.

FEBRUARY 24, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin, Kelleher, JJ.

JOSLIN, J. The defendant was convicted by a jury in the superior court on an indictment charging a violation of the laws against gambling, G. L. 1956, §11-19-18,[1] and thereafter his motion for a new trial was denied. The case is here on several exceptions including one to the denial of his motion made prior to trial to suppress certain evidence seized by the state police in the course of their search of an apartment house. Because we sustain the exception to the denial of that motion we give no consideration to the other exceptions.

The defendant challenges the legality of the search warrant on a twofold basis. He contends that it issued without probable cause therefor having been shown to the issuing magistrate and that the place directed to be searched was not described either in the complaint or warrant "as nearly as may be" as directed by sec. 6, art. I, of the state constitution[2] and "particularly" as required by the fourth amendment to the federal constitution made obligatory upon us by the due process clause of the fourteenth amendment.

It appears that on September 24, 1961 a lieutenant of

---

[1] All statutory references herein are to the statutes as they read on September 24, 1961, the day the warrant was applied for, issued and served.

[2] Section 11-19-25 which prescribes the contents for search warrants in gambling cases incorporates as a requisite the "as nearly as may be" standard.

694

the state police complained to a justice of a district court[3] that he had "reason to believe and does believe that certain dice, tables, and other paraphernalia commonly used for gambling, are kept and suffered to be kept to be used in gambling, for money and other valuable considerations, in certain rooms of a certain dwelling house, used and occupied as such by person or persons unknown on Narragansett Avenue in the City of Newport, in said State of Rhode Island * * *." A supporting affidavit of another police officer adds nothing to that description and, indeed, identifies the place in a substantially similar, if not identical, manner.

Based upon that complaint and affidavit a warrant issued commanding a diligent search of the premises described in the complaint, viz., the "multi storied stone house." It is a mansion type building and years ago, when it was known to many Newporters as The Jacob's Mansion or Whiteholme, the front portion was used by the family and the rear housed the servants. In the middle 1940's the servants' quarters were divided into at least three separate apartment units. One of those, designated No. 5, was occupied by defendant on the night of the search having been rented to him on or about September 1. Another building, originally a carriage house or stable and more recently a garage, adjoins but is not connected to the main structure, and it too was converted in the 1940's into apartment dwelling units. Although not multi-storied, it is part of the Whiteholme estate.

The problem is whether the complaint and warrant describes the place to be searched both "particularly" and "as nearly as may be." In construing those and similar constitutional and statutory provisions the courts generally agree that the description is sufficient if the officer charged

---

[3]Such a justice is authorized by §11-19-24 to issue warrants for a search for gambling implements or apparatus.

with making the search is able with reasonable effort to identify and ascertain the place intended to be searched with certainty. *Steele* v. *United States,* 267 U. S. 498; *State* v. *Bass,* 153 Tenn. 162; *Dow* v. *State,* 207 Md. 80; *Saunders* v. *State,* 199 Md. 568.

This court more than a century ago in *State* v. *Snow,* 3 R. I. 64, construing our own constitutional provision, said at page 69 that it "supposes that it would not be possible particularly to describe in all cases, and therefore it contents itself with providing for a description as near as may be—i.e., as near as the circumstances will admit, according to the nature of the property or thing."

Obviously, these requisites, although clearly not technical or unduly burdensome upon those seeking warrants, cannot be satisfied if the description is so indefinite that under the authority of the warrant an officer can exercise a selective discretion in determining where he will search or can invade the property of strangers to the process and disturb their peace and tranquility. *State* v. *Bass, supra.*

Therein lies the fault in this warrant. It neither "particularly" and "as nearly as may be" describes the place to be searched nor does it clearly distinguish such place from all others. The old mansion, once the residence of a single family and its retinue of servants, had as of the night of the search been long since converted into an apartment building, portions of which, in addition to the apartment tenanted by the defendant, were occupied. Notwithstanding this change in use from a single-family dwelling to an apartment house, the warrant did not specify any particular area or part of the mansion as the place to be searched nor did it designate a special apartment therein either by

its number or by the name of its occupants[4] as the place where it was believed the gambling paraphernalia was kept. Instead it commanded the police to conduct a blanket or general search of an entire building although probable cause, if it existed, had been shown only for searching the single apartment occupied by defendant. Such a search is unreasonable and a warrant which permits it is invalid and defective. *United States* v. *Hinton,* 219 F.2d 324; *United States* v. *Barkouskas,* 38 F.2d 837; *United States* v. *Chin On,* 297 F. 531; *United States* v. *Diange,* 32 F. Supp. 994; *United States* v. *Mitchell,* 274 F. 128; *Thompson* v. *State,* 198 Ind. 496; *Harper* v. *State,* 94 Okla. Crim. 371.

The principle is squarely put in what still remains the leading text on the subject, although written many years ago when courts were not as sensitive to the constitutional rights of individuals as they are today. In Cornelius, Search And Seizure (2d ed.), §205, p. 495, the text reads:

> "Where a building or the premises are described in the search warrant or affidavit by a single street number, and more than one family resides at such street number in the building, in a separate apartment * * * plainly upon principle a warrant directed to search the premises designated by such single number would be illegal and void, unless there was something in the affidavit to connect each one of the occupants of the premises with the alleged unlawful act. As single street numbers are now in many instances used to designate a large apartment building housing many families * * * plainly any other rule would work the gravest injustice to innocent occupants."

---

[4]Thus, a warrant which designates a specific area in a hotel or apartment house is not void, *Atkins* v. *State,* 94 Okla. Crim. 137, *Commonwealth* v. *Fiorini,* 202 Pa. Super. 88, and one which directs a search of an apartment house or other building occupied by a number of different tenants is valid if it gives the address of the building and states the name of the person occupying the apartment to be searched. *Kenney* v. *United States,* 157 F.2d 442; *Shore* v. *United States,* 49 F.2d 519; *Hogrefe* v. *United States,* 30 F.2d 640.

That we base our decision on the insufficiency of the description of the place searched does not mean that we either approve or disapprove the warrant as having been issued upon a showing of probable cause. What constitutes probable cause has so frequently and recently been discussed by this and many other courts that we see no reason to reiterate. See *State* v. *LeBlanc*, 100 R. I. 523, 217 A.2d 471; *State* v. *Butts*, 97 R. I. 147, 196 A.2d 415.

The defendant's exception to the denial of his motion to suppress is sustained, his other exceptions are overruled pro forma, and the case is remitted to the superior court for a new trial in accordance with this opinion.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Assistant Attorney General, for State.

*Dean J. Lewis,* for defendant.